RICHARD O'GORMAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

The provision of the act of 1870 making "further provision for the government of the city of New York" (chap. 383, Laws of 1870), vesting in the comptroller of the city the power to fix the salary of the corporation counsel at a sum not exceeding the salary of the recorder, did not repeal the provision of the act of 1854 (§ 1, chap. 122, Laws of 1854),

Statement of case.

giving to said counsel an annual compensation for his services in street opening cases, to be assessed upon the lands benefited.

Nor was the said provision repealed by the provisions of the city charter of 1857 (chap. 446, Laws of 1857), or of the charter of 1870 (chap. 137, Laws of 1870), enumerating, among other duties of the corporation counsel, that of conducting the legal proceedings in opening streets, etc., and prescribing the mode of fixing his salary.

Although, as a general rule, where a statute prescribes the duties to be performed by an officer and the mode of fixing his salary, the necessary implication is that the salary so fixed is intended as a full compensation for all the prescribed duties, and supersedes all previous statutory enactments making special compensation for any of them; that rule does not apply where there are special enactments showing that it was intended that the officer should receive compensation for certain services in addition to his salary and payable ultimately from a different source.

(Argued November 23, 1876; decided December 12, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order overruling plaintiff's demurrer to the answer of defendant. The facts sufficiently appear in the opinion.

*A. J. Vanderpoel* for the appellant. A statute affecting the compensation of an officer when the words admit of two interpretations should be construed in the way most favorable to the claim of the officer. (*U. S.* v. *Morse*, 3 Story, 87.) Repeal by implication is not favored in the law. (*Wood* v. *U. S.*, 16 Peters, 362; *State* v. *Bishop*, 41 Mo., 16; *Spratt* v. *Huntington*, 4 N. Y. S. C. R., 554, 555; *People* v. *Palmer*, 52 N. Y., 88; 59 id., 434; 50 id., 493, 497; *Fosdick* v. *Perrysburg*, 14 Ohio St., 472; *McKeer* v. *Delancy*, 5 Cranch, 22; *Monison* v. *Barksdale*, Harp [S. C.], 101; *Kemion* v. *Hills*, 1 La. Ann., 419; *Union Ins. Co.* v. *Hoge*, 21 How., 35; *Chegaray* v. *Jenkins*, 3 Sandf., 409; *Mahoney* v. *Wright*, 10 Con. L. R., 420; *McCool* v. *Smith*, 1 Black, 459; *Naylor* v. *Field*, 29 N. J. L. [5 Dutch.], 287; *State* v. *Berry*, 12 Iowa, 58; *U. S.* v. *Twenty-five Cases of Cloths*, Crabbe, 356; *People* v. *San Francisco, etc., R. R. Co.*, 28 Cal., 254; *People* v. *Durick*, 20 id., 94; *Blain* v. *Bailey*, 25 Ind., 165;

*Conner* v. *Southern, etc., Co.,* 37 Ga., 397 ; *People* v. *Barr,* 44 Ill., 198 ; *McDonough* v. *Campbell,* 42 Ill., 490 ; *Hume* v. *Gossett,* 43 id., 297 ; *Lichtenstein* v. *State,* 5 Ind., 162 ; *Cassey* v. *Harned,* 5 Iowa, 1 ; *Loper* v. *Brookline,* 13 Pick., 342 ; *Haynes* v. *Jenks,* 2 id., 172 ; *Buckingham* v. *Steubenville,* 10 Ohio St., 25 ; *Hockaday* v. *Wilson,* 1 Head [Tenn.], 113 ; *Furman* v. *Nichols,* 3 Cold. [Tenn.], 432 ; *Snell* v. *Bridgewater Co.,* 24 Pick., 296 ; *Goddard* v. *Boston,* 20 id., 407 ; *Bowen* v. *Lease,* 5 Hill, 221 ; *Wyman* v. *Campbell,* 6 Port. [Ala.], 219 ; *State* v. *Morrow,* 26 Mo., 131 ; *Cole* v. *Suprs.,* 10 Iowa, 552 ; *Pratt* v. *Atlantic, etc., R. R. Co.,* 112 Me., 578 ; *Richards* v. *Patterson,* 30 Miss., 583 ; *Dugan* v. *Gittings,* 3 Gill [Md.], 583 ; see *Corwin* v. *Moore,* 15 Ga., 361 ; *Erwin* v. *Moore,* 15 id., 861 ; *Tyson* v. *Postlethwaite,* 13 Ill., 727 ; *Shelter* v. *Baldwin,* 26 Miss., 439 ; *Robbins* v. *State,* 8 Ohio St., 131 ; *Smith* v. *Hickman,* Cooke [Tenn.], 330 ; *McCarter* v. *Orphan Asylum,* 9 Cow., 437 ; *State* v. *Woodside,* 9 Ired. [N. C.], 496 ; and see *Alexandria* v. *Dearman,* 2 Sneed [Tenn.], 104 ; *Williams* v. *Potter,* 2 Barb. [N. Y.], 316 ; *Ament* v. *Humphrey,* 3 Iowa, 255 ; *Attorney-General* v. *Brown,* 1 Wis., 513 ; *Bruce* v. *Schuyler,* 9 Ill, 221 ; *Brown* v. *Miller,* 4 J. J. Marsh., 474 ; *Planters' Bk.* v. *State,* 14 Miss., 628 ; *White* v. *Johns,* 23 id., 68 ; *State* v. *Macon Co.,* 41 Mo., 453 ; *Street* v. *Commonwealth,* 6 Watts. & V., 209 ; *Shinn* v. *Commonwealth,* 3 Grant Cas., 205 ; *McLaughlin* v. *Hoover,* 1 Oreg., 31 ; *Nixon* v. *Piffet,* 16 La. An., 379 ; *DePauw* v. *New Albany,* 22 Ind., 204 ; *Mullen* v. *People,* 31 Ill., 444 ; *Elliott* v. *Lochname,* 1 Kan., 126 ; *Robbins* v. *State,* 8 Ohio St., 131 ; *Smith* v. *Hockman,* Cooke [Tenn.], 330 ; *McCartee* v. *Orphan Asylum,* 9 Cow., 437 ; *State* v. *Woodside,* 9 Ired. [N. C.], 496 ; *Alexandria* v. *Dearman,* 2 Sneed [Tenn.], 104 ; *Van Rensselaer* v. *Snyder,* 9 Barb., 308 ; Sedgwick on Statutes [ed. 1874], 102, note ; *People* v. *Durick,* 20 Cal., 94 ; *Lewis* v. *Stout,* 22 Wis., 234 ; *Attorney-General* v. *Brown,* 1 id., 513.)

*D. J. Dean* for the respondent.

RAPALLO, J. By chapter 122 of the Laws of 1854, section 1, it was enacted that no costs, fees or charges should thereafter be allowed to the counsel of the corporation for the performance of services then required by law to be rendered by him in street opening cases, and certain other proceedings for improvements of public places specified in the act, but that in lieu thereof the counsel to the corporation should receive after the first of January, then next, the sum of $6,500 per annum, to be paid quarterly by the mayor, etc., of the city of New York. The act saved, however, the right of the corporation counsel to his costs for all services rendered in such proceedings prior to the 1st of January, 1855, and also in all proceedings pending on that day, at the rates customarily taxed before the passage of the act. The act further provided (§ 2) that all moneys paid under its provisions should be assessed proportionally, as far as practicable, upon the lands benefited by the improvements.

The complaint alleged that Mr. O'Gorman, the plaintiff, held the office of counsel to the corporation during the whole of the year 1871, and until the 3d of December, 1872. That the defendant had paid him, in addition to his regular salary, the allowance made by the before-mentioned act of 1854, up to the month of October, 1871, but that on and after that date it refused to pay the allowance, and this action is brought to recover so much of it as accrued from the 1st of October, 1871, to the 1st of December, 1872.

It is alleged in the complaint, and not denied in the answer, that during the period for which he claims this compensation, he rendered various services in proceedings of the description mentioned in the act of 1854. That for many years previous to the passage of that act, the costs, fees and charges in such proceedings were always paid by the defendant to the counsel to the corporation, in addition to his salary, and distinct therefrom, which salary was always duly fixed from time to time by the defendant, as provided by law. And that from the 1st of January, 1855, to the 1st of October, 1871, the allowance of $6,500 per annum was always paid by the defendant to the corporation counsel, in pursuance of the act of 1854, in

addition to his salary, and provision for such payments has been made from to time by the legislature at the request of the defendant.

The only defence set up by the answer is, that the before-recited provisions of the act of 1854 have been repealed by chapter 383 of the Laws of 1870. That immediately after the passage of that act, the comptroller, in pursuance thereof, fixed the salary of the plaintiff at $15,000 per annum, which thereupon became the only salary or compensation which the plaintiff was entitled to receive for his services in street openings, etc., and for the performance of all duties incident or appurtenant to his office. That afterwards his salary was reduced to $12,000 by the board of apportionment, in pursuance of chapter 583 of the Laws of 1871, and that his salary has been paid to him.

To this answer the plaintiff demurred, and the Court of Common Pleas gave judgment for the defendant on the demurrer, which was affirmed at General Term.

The provision of chapter 383 of the Laws of 1870, upon which the defendant relies in support of its answer, is in the following words (Laws of 1870, p. 882): "The counsel to the corporation and the corporation attorney shall receive an annual salary to be fixed by the comptroller, not exceeding the annual compensation paid to the recorder of said city."

It is not claimed that there is any express repeal of the act of 1854, but it is argued that it is inconsistent with the last-recited provision, and therefore repealed by implication.

At the time of the passage of this act of 1870, and for very many years previously, the corporation counsel had been in the receipt of an annual salary, raised by general taxation and paid out of the city treasury, and, in addition thereto, as has been shown, had received, pursuant to law, a separate compensation for services in proceedings for local improvements. The burden of this additional compensation was not borne by the city, but was assessed upon the property benefited by the improvements. Prior to 1854, this compensation was obtained by him in the shape of taxed costs in the several pro-

ceedings, and these costs were included in the expenses of the improvement, and formed part of the aggregate amount assessed upon the property. As appears from the uncontroverted allegation of the complaint, these costs were very large, amounting at times to $25,000 per annum. By the act of 1854 the compensation which he was allowed to receive for these specific services was limited to $6,500 per annum, and this sum, although advanced in the first instance by the corporation, was ultimately payable by the property owners, and not like the salary, by general taxation. It was directed to be assessed proportionally, as far as practicable, upon the property benefited by improvements. This system continued during a period of upwards of fifteen years, viz., from 1855 to 1871, without any question being raised as to the allowance in lieu of costs being in addition to the salary. During this period the power of fixing the salary of the corporation counsel was vested in the common council. In 1848 it was fixed by them, as appears from the pleadings, at $3,500 per annum, and it does not appear that any change was made in this amount until 1870, when the provision in question was enacted. By this provision the power of fixing his salary was transferred to the comptroller of the city, and the amount was limited to a sum not exceeding the salary of the recorder. We are unable to perceive any other change effected by this act of 1870. The enactment that he should receive an annual salary effected no change, for he had, for many years, been receiving one, and the omission of any provision that he should be prohibited from receiving any other emoluments, is, in view of the fact that he was at that time receiving, in pursuance of law, this additional allowance in lieu of costs, indicative of an intention on the part of the legislature not to disturb the existing system, or to interfere with any thing except the regular annual salary payable out of the city treasury, and this intention is still more apparent by reference to previous, cotemporaneous and subsequent legislation upon the subject. It would require a very forced construction of this act of 1870 to give it the effect claimed by the answer.

It can hardly be presumed that the legislature intended, in this silent and obscure manner, to relieve the owners of property benefited by local improvements from the expense of the legal proceedings required to effect them, and to cast that burden upon the city at large in the shape of an increase of the salary payable to the counsel to the corporation out of the city treasury. Such a measure would be at variance with the general policy of legislation on the subject of local improvements, and some more clear expression of intention than is to be found in the act of 1870 would be required, to convince us that the legislature had in view a repeal which would lead to that result. Whether the comptroller in fixing the salary at $15,000, or the board of apportionment in retaining it at $12,000, were actuated by the idea that the increased salary would cover the expenses of street openings, etc., or whether the increase was made in view of the increased amount of litigation to which the city is a party, and which has of late swelled to a magnitude never before approached, is immaterial to the present inquiry. The action had under the act of 1870, cannot affect its construction. That must be the same whether the salary is fixed at $15,000 or at $5,000 per annum.

But it seems to us that in all the legislation affecting this subject, an intention is apparent to preserve the system of separating from the salary of the corporation counsel this allowance in lieu of costs in street opening and similar cases, and retaining it as a part of the expenses of the improvements. The charter of 1857 (Laws of 1857, chap. 446, § 44) contains a general provision that no officer under that charter shall have or receive from the corporation or city treasury, any perquisites or any compensation or commission for his services, except a salary. But the counsel to the corporation (with some other officers named) is expressly excepted from the operation of this prohibition. It also provides that the salaries of all the officers shall be prescribed by ordinance of the common council. It is apparent that it was intended that the corporation counsel might receive compensation in addition

to his salary, and we have not been informed of any such additional compensation payable out of the city treasury which he could claim, except that provided by the act of 1854. The charter of 1870, passed at the same session as the act now under review, contains the same provision precisely, excepting the corporation counsel from the general prohibition against receiving compensation other than salary, and vests the power of fixing his salary in the common council.

In addition to the presumption arising from these provisions of the charters, we find an express recognition by the legislature in acts passed subsequent to the passage of chapter 383 of the Laws of 1870, and at the same session, of the continued existence of the allowance to the corporation counsel, which is claimed to have been impliedly abrogated by that act. Chapter 383 was passed April 26, 1870. On the 31st of May, 1870, an act was passed making certain alterations in the map or plan of the city of New York (Laws of 1870, chap. 805), and it was therein provided as follows: " And it shall be the duty of the counsel to the corporation of the city of New York, to perform all the legal services required of him in the proceeding authorized by this act, without any additional compensation beyond the salary and allowance now provided by law. On the 9th of June, 1870, another act was passed (Laws of 1870, chap. 806), in relation to certain streets in the city of New York, which contains a provision requiring the counsel to the corporation to acquire title to certain lands, closing in these words: " And he shall perform all necessary legal services in the proceedings authorized by this act, without any additional compensation beyond the salary and allowances now provided by law."

Such a recognition of the continuance of a statutory provision, claimed to be repealed, has been held by this court to overcome the effect of a general express repeal broad enough to include the provision in question. (*Smith* v. *People*, 47 N. Y., 330.)

*A fortiori* it should overcome an alleged repeal attempted to be established merely by implication.

The court below, at General Term, rest their decision, however, rather upon the charters of 1857 and 1870 than upon chapter 383 of the Laws of 1870. In the learned opinion, there delivered, it is said that when a statute prescribes numerous duties to be performed by an officer, and the mode of fixing his salary, the necessary implication must be that the salary so fixed is intended to constitute a complete compensation for all the prescribed duties and supersedes all previous statutory enactments making special compensation for any portion of these duties, and the learned judge refers to the provisions of the charters of 1857 and 1870, which enumerate, among the duties of the corporation counsel, that of conducting the proceedings for opening, altering and widening streets, etc., and prescribe the mode of fixing his salary, and he holds that such salary necessarily covers his compensation for the enumerated services.

It must be observed that that is not the defence set up by the answer to which the present demurrer is interposed; also, that if it is a good defence now, the same defence has existed since 1857, yet it appears that no such position was ever taken by the city, but it continued to pay the allowance under the act of 1854 down to the year 1871. But it further appears that before the act of 1854 was passed, the charter amendments of 1849 (Laws of 1849, chap. 187, § 18) had enumerated the duties of the corporation counsel in the same terms as were subsequently repeated in the charter of 1857, including the charge of opening, widening and altering streets. He was at that time, and always had been, in the receipt of an annual salary fixed by the common council pursuant to law. If enumerating among his duties the proceedings in street cases was sufficient to supersede all existing laws providing compensation for those services, the act of 1849 wiped out the right to costs in those cases, to be collected by assessment, which he then enjoyed. But it is apparent that the legislature did not so regard it, for by the act of 1854, which states, in terms, that the services in question were then required by law, they not only recognized his right to costs for those ser-

vices in the past, but provided that he might continue to collect such costs for services rendered up to January 1, 1855, and also in all proceedings pending on that day, and that for the future he should have $6,500 per annum in lieu of such costs, to be assessed ultimately on property benefited. The re-enactment in the charters of 1857 and 1870 of the provision of the charter of 1849, which made it his duty to conduct those proceedings, cannot surely be deemed to supersede the legislative provision for additional compensation therefor, made in 1854, when it is seen that such provision for extra compensation was made in view of the previously existing law of 1849, which imposed the same duty upon him, and that the charters of 1857 and 1870 both clearly recognize that he may receive compensation in addition to salary.

Although we assent to the soundness of the proposition of the learned judge, as a general rule, yet it must yield to special enactments showing that it was intended that the officer should receive compensation for certain services, in addition to his salary, and payable ultimately from a different source.

After a careful consideration of the case, we are satisfied that the plaintiff is clearly entitled to the compensation claimed, and that the judgment below must be reversed and judgment rendered for the plaintiff on the demurrer.

All concur.

Judgment reversed.