[No. 11500. Department One. — August 28, 1886.]

EMIL HARRIS, RESPONDENT, v. A. P. MORE, APPEL-
LANT.

PUBLIC OFFICER — DEPUTY SHERIFF — AGREEMENT TO COMPENSATE — PUBLIC
POLICY. — An agreement to compensate a deputy sheriff for procuring
evidence which would lead to the conviction of a person implicated in a
certain crime is not contrary to public policy if the crime was committed
and the trial had in a county other than that in which the deputy sheriff
was an officer.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The action was brought to recover for certain services performed under an agreement stated in the opinion. The further facts are stated in the opinion of the court.

*Thomas McNulta, A. A. Oglesby,* and *W. E. Shepherd,* for Appellant.

*W. T. Williams,* and *W. C. Stratton,* for Respondent.

MYRICK, J. — The defendants executed an agreement in writing to pay moneys to any person furnishing evidence which would lead to the conviction of persons implicated in the commission of a crime. The agreement was delivered to the plaintiff. It contained a clause agreeing to pay plaintiff certain expenses in investigating the matter of the offense. The plaintiff rendered services in regard to discovering evidence and causing the same to be produced at the trial. The plaintiff was deputy sheriff of Los Angeles County, and the offense was committed and the trial had in another county As the plaintiff had no legal duty to perform, by virtue of his office of deputy sheriff, in regard to discovering the evidence and causing it to be produced, having no writ to execute, and the offense having been committed and the trial had out of his county, we do not think the policy of the law forbade his receiving the compensation. It was not compensation for the performance of any duty enjoined upon him by law.

No error appears in the transcript.

Judgment and order affirmed.

McKINSTRY, J., and MORRISON, C. J., concurred.

Hearing in Bank denied.