Reed, J.,
delivered the opinion of the court.
This was a suit brought by appellee to determine the right to receive a conveyance of an undivided interest in a lot in the town of Aspen, under sec. 14, chap. 108, Gen. Stat., entitled “Town Sites” (1881), in which it is provided: “In case there shall be adverse claimants to such lands, or to any part, parcel or share thereof, either party may bring a suit against the adverse claimant or claimants, in the district court of the judicial district, or in any court of competent jurisdiction in the county in which the lands shall be situated, or in any county to which the county in which such lands shall be situate is attached for judicial purposes: * * * The complaint must show what interest or estate in the lands in controversy the plaintiff claims. The answer, pleadings and other proceedings shall be as in cases in chancery, except *269 that oral testimony may be introduced upon the trial, and the evidence, if not in the form of depositions, shall be reduced to writing, certified by the judge and filed with the papers in the cause.”
The legal title to the town site was by U. S. government patent conveyed to J. W. Dean, county and probate judge, “ and to his successors and assigns ” in trust “ for the several use and benefit of the occupants thereof.” At the time of bringing this suit, M. G. Miller was county and probate judge and held the lega] title in trust as the successor of the grantee of the U. S. government.
After the issues were made up the case was referred to have the testimony taken and reported to the court, which was done, “ certified by the judge and filed with the papers in the case.” Upon the hearing plaintiff (appellee) was found entitled to receive a deed to an undivided half of the parcel in controversy, and an appeal taken from such finding.
It is ably contended by appellant that the court erred in allowing a reference and in treating the suit as one in chancery, insisting that by sec. 1 of the Code of Civil Procedure chancery proceedings were abolished, and that by the passage of the revised and amended code of 1887 the statute in regard to the form of the proceeding under the “ Town Site ” act was repealed; that the trial should have been to a jury. In this contention two or three important facts are overlooked. First, that the code only controls the form of the action, the pleadings, not the nature of the suit and the manner of its determination — equity is not abolished. Second, the “ Town Site ” act is a special statute. The section of the code referred to was enacted in 1877 and re-enacted in 1887, hence, was the law prior to and at the passage of the “ Town Site ” act of 1881. It is a well settled rule that general statutes do not repeal special statutes by implication. “ The repeal of a special statute, enacted for a special purpose, must be either express, or the manifestation of the legislative intent to repeal must be so clear as to be equivalent to an ex *270 press direction.” See Sedg. on Stat. & Const. Law, 96-101, and notes.
“ Generalia specialities non derogant” is a legal maxim. And see London etc. v. Limehouse Board etc., 3 Kay & John. 123; Thorpe v. Adams, Law Rep., 6 C. P. 125; Burke v. Jeffries, 20 Iowa, 145; Crane v. Reeder, 22 Mich. 322.
It will be observed that as far as form of pleadings was concerned there was a compliance with the code provision, and ás to subsequent proceedings, they were required to be under the provisions of the special statutes; any serious departure would have vitiated them. The proceeding appears to have strictly followed the statutory requirements. The testimony was properly taken, “ reduced to writing,” “ certified by the judge,” etc. No error was committed in refusing a jury and proceeding to a decree.
It is insisted also that a deed to appellant made by Byron E. Shear vested the title in him and should have been conclusive of the controversy. Mr. Shear was a commissioner appointed by the municipal authorities of the town-to administer the trust and make conveyances. The invalidity of such attempted conveyances has been declared by the supreme court in Mayor of Aspen v. Aspen Town etc. Co., 10 Colo. 191., and in Wheeler v. Wade, 1 Colo. Ap. 66, and Webber v. Petty, 2 Colo. Ap. 63. It was held that the legal title being in the county and probate judge and his successors by the patent of the government, Mr. Shear had no title ; lienee, could pass none.
By sec. 15 of “ Town Site ” act it is provided: “ And the person or persons who shall have first acquired the right to the possession or occupancy of such lands, either in person, or by agent, servants or tenants, or those claiming under him, her or them, shall be deemed to have the prior and paramount right to such lauds.”
The evidence clearly establishes the equitable right of appellee to the property claimed, under the provisions and requirements of the. statute. The claim of appellant to the property is not such as to very strongly appeal to the con *271 science of a chancellor. Letters and facts put in evidence show that to a certain date the title of appellee was recognized and respected by appellant, and an arrangement made for purchasing it, which was not by him carried out, and that then an attempt was made to secure the title by less credit-' able means. While in proceedings at law, such facts could not control, they must in equity he given proper consideration and influence.
We find no serious error in the record, and that, the decree was warranted by the evidence, and should be affirmed.

Affirmed.