[No. 1739. Decided July 26, 1895.]

THE STATE OF WASHINGTON *on the Relation of* D. S. SWERDFIGER, *Respondent,* v. L. C. WHITNEY *et al., Appellants.*

REMOVAL OF COUNTY SEAT — CANVASSING VOTE — ESTOPPEL.

Mandamus will not lie to compel the county canvassing board to canvass the returns of an election upon a proposition for the removal of a county seat, as the county commissioners are by law

charged with the duty of submitting such proposition to vote and of ascertaining and declaring the result.

The fact that the county canvassing board had assumed to act in the matter and had nearly completed a canvass of the votes upon the county seat question will not estop them from denying their authority to proceed with the canvass.

*Appeal from Superior Court, Snohomish County.*

*Crowley, Sullivan & Grosscup,* and *Brown & Brownell,* for appellants.

*Sapp & Lysons,* and *S. H. Piles,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent and the appellants constituted the county canvassing board of election returns in and for Snohomish county, for the general election held therein on November 6, 1894. At that election there was submitted, among others, the question whether the county seat of Snohomish county should be removed from the city of Snohomish to the city of Everett. The board met and proceeded to canvass the returns from the various election precincts of the county, including those upon the proposition to remove the county seat. After canvassing the returns upon that proposition, from all the precincts, except five, the appellants, who were a majority of the board, refused to canvass or consider the returns from South Snohomish, whereupon the respondent sued out an alternative writ of mandate to compel them to count the votes returned from that precinct, or to show cause why they had not done so.

The defendants interposed a demurrer to the writ, on the grounds (1) that the plaintiff had no capacity to sue; (2) that the alternative writ did not state facts sufficient to constitute a cause of action, and (3) that there was a defect of parties defendant.

The demurrer was overruled and the defendants excepted. An answer was then filed, setting up several affirmative defenses, to which the plaintiff duly replied. A trial was had upon the issues raised by the pleadings, and after the introduction of the evidence, the court made and filed its findings of fact and conclusions of law, upon which a peremptory writ of mandate was issued, commanding the defendants to canvass and count the votes of the precinct of South Snohomish, as they appeared upon the face of the official returns.

When the cause came on for hearing in this court, it appeared that no exceptions had been taken to the findings of fact or conclusions of law made by the court below, and thereupon the court refused to consider any of the facts upon which such findings were based. In the present posture of the case, therefore, there is but one question which it is necessary to determine, and that is whether the court erred in overruling the defendant's demurrer.

The point is made by the appellants that under the law they had no right or authority, as members of the county canvassing board of election returns, to canvass the votes cast upon the question of removing the county seat, and that it was error on the part of the court to undertake to compel them to do so. Their position is that the board of county commissioners were alone charged with the duty of ascertaining the result of the election upon the the question of removal, and we think it is well taken. Under the law concerning the removal of county seats it is made the duty of the board of county commissioners, upon the presentation of a properly signed petition, to submit the question of removal to the electors of the county at a general election to be held therein, and to receive and compare the returns and ascertain therefrom the result

of the election, and, if they find that three-fifths of the legal votes cast by those voting on the proposition are in favor of a particular place, to give notice thereof in all the election precincts in the county. Gen. Stat., Title 38, Ch. 3.

At the time this law was enacted the county canvassing board consisted of the county auditor and two other county officers, one of whom was a judge of probate. Gen. Stat., § 417. On the taking effect of the constitution of the state, the office of probate judge was abolished and it became necessary to create a new board of county canvassers, which was done by the act of March 10, 1893. Laws 1893, p. 271. By virtue of that act, the county anditor, the chairman of the board of county commissioners and the prosecuting attorney now compose the county canvassing board of election returns "for all special and general county and state elections in such county." As the duties of this new board of canvassers are not specifically pointed out in the statute, it would seem that it was the intention of the legislature that it should simply possess the powers and discharge the duties of the board as formerly constituted.

The law authorizing the board of county commissioners to ascertain the result of elections in reference to the removal of county seats is not expressly repealed by this late act creating the board of county canvassers, and we fail to perceive any such conflict between the two acts that both may not stand. Nor do we think that the members of the county canvassing board were estopped from denying that they had authority to proceed with the canvass of the vote on the county seat question by the fact that they had assumed to act in that matter. That they attempted, either ignorantly or knowingly, to exercise a power

not conferred upon them by law, affords no reason why they should be compelled to continue in wrongdoing.

The judgment is reversed and the cause remanded with directions to dismiss this proceeding.

HOYT, C. J., and SCOTT, DUNBAR and GORDON, JJ., concur.