## COUNTY OF SARGENT v. S. A. SWEETMAN.

### (150 N. W. 876.)

**County judge — marriage record book — licenses — certificates — fees — may retain.**

1. Section 10, chapter 91, Laws of 1890, Rev. Codes 1905, § 4039, requires the county judge to keep a marriage record book containing a correct copy of all marriage licenses issued by him, and also a record of all marriage certificates returned to his office, and then provides: "And for each license and the record herein required he shall be entitled to a fee of $1 to be paid by the party applying for the same." *Held*, that the legislative intent was to authorize such official to collect and retain this fee as compensation for such newly added duties.

**Amendatory statutes — county judge — salary — law fixing is general — special statute for special subject.**

2. Appellant's contention that § 10, chapter 91, Laws of 1890, was impliedly

repealed by chapter 68, Laws of 1899, Rev. Codes 1905, § 2586, held untenable. Chapter 68, while not purporting on its face to be an amendatory statute, in effect merely amends chapter 50, Laws of 1890, fixing a salary for county judges, and it merely adopts the assessed valuation, in lieu of the population of the county, as the basis for computing the salary, and also reduces the maximum salary. This law, as well as chapter 50, Laws of 1890, is general, and relates to the salary of the county judge; and it is *held* that it was not the legislative intent, by the enactment of chapter 68, to amend or repeal § 10 of chapter 91, Laws of 1890, which latter statute makes special provision covering a special and particular subject.

**Implied repeal of laws — not favored — repugnance between old and new law.**

3. Implied repeals are not favored. There must be a clear repugnancy be-. tween the provisions of the new and those of the old statute to such an extent that the necessary implication arises that it must have been the legislative intent, in the enactment of the later statute, to repeal the former.

**County judge — duty of — fees for special acts.**

4. There being no statute making it the duty of the county judge to furnish certified copies of his records when required, and fixing a fee therefor, it is *held*, for reasons stated in the opinion, that it is not incumbent upon him to account to the county for sums collected for such service.

Opinion filed January 9, 1915.

Appeal from District Court, Sargent County; *Frank P. Allen*, J.

Action to recover fees alleged to belong to the county. From a judgment in defendant's favor, the county appeals.

Affirmed.

*E. W. Bower*, State's Attorney, and *Wolfe & Schneller*, for appellant.

A person accepting a public office with fixed salary is bound to perform the duties of the office for the salary, and cannot collect and retain fees provided to be charged and collected for certain special acts of the officer. 19 Am. & Eng. Enc. Law, 528 and notes; Decatur v. Vermillion, 77 Ill. 315; Miami County v. Blake, 21 Ind. 32.

Every act required to be done by virtue of his office, or in the name of his office, must be done by the officer for the compensation fixed; and he is not permitted to retain fees for any special act done in his capacity. 19 Am. & Eng. Enc. Law, 528, and notes; Hannah v. Chase, 4 N. D. 351, 50 Am. St. Rep. 656, 61 N. W. 18.

29 N. D.—17.

The legislature has power to impose new and additional work or burdens. Wilson v. Cass County, 8 N. D. 456, 79 N. W. 985; Miller v. Kister, 68 Cal. 142, 8 Pac. 813.

*Engerud, Holt, & Frame,* for respondent.

The fees for these special services belong to the officer, and not to the county. The duties required are no part of his general duties, for which he receives a general salary, as fixed by law. O'Gorman v. New York, 67 N. Y. 486.

The law as to county treasurers does not purport to prescribe a general salary for all services; it merely refers to part of his duties, and prescribes what his compensation shall be therefor. Laws of 1893, chap. 118, § 43.

The law contemplates that the collection of school land money is a distinct and separate duty from the treasurer's services to the county, and was to be paid for by the state. Love v. Baehr, 47 Cal. 364; Melone v. State, 51 Cal. 550; State ex rel. Tzschuck v. Weston, 4 Neb. 244; Cornell v. Irvine, 56 Neb. 665, 77 N. W. 114; State v. Roddle, 12 S. D. 436, 81 N. W. 980; State ex rel. Howell v. La Grave, 23 Nev. 383, 48 Pac. 674; 30 Cyc. 1130, and cases cited.

The legislature, in passing an act directed to a special subject, and having observed all the circumstances of the case and provided for them, does not intend, by subsequent general enactment, to derogate from its own act, without expressed intention so to do. Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co. 2 S. D. 546, 51 N. W. 342; Finch v. Armstrong, 9 S. D. 255, 68 N. W. 740; La Grande County v. Cutler, 6 Ind. 354; Banks v. Yolo County, 104 Cal. 258, 37 Pac. 900; Rice v. Goodwin, 2 Colo. App. 267, 30 Pac. 330; Jackson v. Washington County, 34 Neb. 680, 52 N. W. 169; Re Taylor, 3 App. Div. 244, 38 N. Y. Supp. 348; Homer v. Com. 106 Pa. 221, 51 Am. Rep. 521; State ex rel. Swerdfiger v. Whitney, 12 Wash. 420, 41 Pac. 189; State ex rel. Smith v. Parker, 12 Wash. 685, 42 Pac. 113.

Fisk, J. This is an action to recover from the defendant, as county judge, certain fees collected by him and for which he has not accounted. A jury was waived and the facts stipulated, from which it appears that defendant collected $25 for making certified copies of his records, and $100 for issuing marriage licenses, no part of which he has paid

over to the county. The trial court's conclusions of law were favorable to the defendant, holding that he was entitled to retain such fees in addition to his salary as fixed by article 3, chapter 29, of the Political Code of 1905.

But two questions are presented. First, do the fees of the county judge for issuing and recording marriage licenses belong to him?

Second, must the county judge account for moneys received by him for making certified copies of records?

An affirmative answer must, we think, be made to the first, and a negative answer to the second question, and we will briefly state our reasons for this holding.

At the outset it may be stated that we do not in the least disagree with appellant's counsel with reference to the fundamental rules and principles invoked by him pertaining to the compensation of public officers and the construction of laws fixing such compensation. Such rules and principles are stated in State v. Stockwell, 23 N. D. 70, 134 N. W. 767, and in the more recent case of State ex rel. Braatelien v. Drakeley, 26 N. D. 87, 143 N. W. 768, as well as in other kindred cases decided by this court, and it is unnecessary to repeat them here.

With these principles in mind we approach a consideration of the case at bar.

By chapter 91, Laws of 1890, the duty was placed on the county judge to issue marriage licenses and record marriages; and § 10 of such act provides: "* * * and for each license and the record herein required he shall be entitled to a fee of $1, to be paid by the party applying for the same." This language is plain. It clearly means that the county judge, as compensation for the imposition of such newly added duties, which were foreign to the ordinary duties of his office prior thereto, shall be entitled to the fee prescribed, and such intent must be given effect by us. Appellant's counsel tacitly admit the force of this, if the above statute is still in effect, but they assert that it is inconsistent with, and hence impliedly repealed by, chapter 68, Laws of 1899 (Rev. Codes 1905, § 2586). Such contention is without merit. It is apparently predicated upon the assumption that the county judges were, in 1899, for the first time placed upon a salary in lieu of a fee basis. This assumption is unwarranted, for the same legislature which enacted chapter 91, supra, also enacted chapter

50, Laws of 1890, fixing a salary for such judges. The latter became a law prior to the former, and, of course, if any inconsistency exists between them the last enactment must control. Chapter 68, Laws of 1899, aforesaid, merely adopts the assessed valuation, in lieu of the population of the county, as the basis for computing the salary, and it also reduces the maximum salary. The only object of this act, no doubt, was to make these two changes in chapter 50 of the 1890 Laws. It does not purport to supplant such prior act, but in effect it merely amends certain portions, leaving the remainder in force. Repeals by implication are not favored, and unless there is an unavoidable repugnancy between the later law and the former one, no repeal by implication is effected. As we view it, there is no inconsistency between chapter 68, Laws of 1899, and § 10, chapter 91, Laws of 1890. The provision in the latter, which we have above quoted, is a special provision which entitles the county judge to a fee of $1 for the marriage license and the record thereof. Being a special provision covering a special and particular subject, it must be deemed to have been the legislative intent, in the enactment of chapter 68 of the Laws of 1899, to except the same from the general provisions in the latter act. O'Gorman v. New York, 67 N. Y. 486; Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co. 2 S. D. 546, 51 N. W. 342, 344; Finch v. Armstrong, 9 S. D. 255, 68 N. W. 740, 741; La Grange v. Cutler, 6 Ind. 354; Banks v. Yolo County, 104 Cal. 258, 37 Pac. 900; Rice v. Goodwin, 2 Colo. App. 267, 30 Pac. 330; Jackson v. Washington County, 34 Neb. 680, 52 N. W. 169; Re Taylor, 3 App. Div. 244, 38 N. Y. Supp. 348; Homer v. Com. 106 Pa. 221, 51 Am. Rep. 521; State ex rel. Swerdfiger v. Whitney, 12 Wash. 420, 41 Pac. 189; State ex rel. Smith v. Parker, 12 Wash. 685, 42 Pac. 113.

This rule of statutory construction also has the support of our highest judicial tribunal, and it is very clearly stated by Mr. Justice Matthews in his opinion in Ex parte Crow Dog (Ex parte Kang-Gi-Shun-Ca) 109 U. S. 556, 27 L. ed. 1030, 3 Sup. Ct. Rep. 396, from which we quote: "Implied repeals are not favored. The implication must be necessary. There must be a positive repugnancy between the provisions of the new laws and those of the old. Wood v. United States, 16 Pet. 342, 10 L. ed. 987; Daviess v. Fairbairn, 3 How. 636, 11 L. ed. 760; United States v. Tynen, 11 Wall. 88, 20 L. ed. 153; South

Carolina v. Stoll, 17 Wall. 425, 21 L. ed. 650. The language of the exception is special and express; the words relied on as a repeal are general and inconclusive. The rule is *Generalia specialibus non derogant*. 'The general principle to be applied,' said Bovill, Ch. J., in Thorpe v. Adams, L. R. 6 C. P. 135, 'to the construction of acts of Parliament, is that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together.' 'And the reason is,' said Wood, V. C., in Fitzgerald v. Champneys, 30 L. J. Ch. N. S. 782, 2 Johns. & H. 31–54, 'that the legislature, having had its attention directed to a special subject, and having observed all the circumstances of the case and provided for them, does not intend, by a general enactment afterwards, to derogate from its own act, when it makes no special mention of its intention so to do.' "

Applying the above rule to the case at bar, we have reached the conclusion, which we think is inevitable, that the fees for issuing and recording marriage licenses belong to the county judge, and not to the county.

We are equally clear that amounts charged and collected by such officer for furnishing certified copies of records in his office may also be retained by him. It is not contended that there is any statute requiring such county judge to make and certify copies of such records, nor is there any statute prescribing any fee for such service. This being true, the act of furnishing such certified copies is not an official act exacted of him by law, but is a mere voluntary labor performed outside of his official duties and for the accommodation merely of persons desiring such copies. In other words, in furnishing such copies he acts in his individual rather than in his official capacity. It is true he makes the certificate by virtue of his official position, but he does nothing more than any other official might do who has power to certify to the correctness of copies made by him. We think respondent's counsel is entirely correct in their contention that the making and furnishing of such copies of records not being any part of his legal duties for which his salary is his compensation, he was at liberty to make any contract he saw fit in the way of compensation for such service, to be paid by the person employing him, and that such compensation belongs

to him individually, and not to the county. In support of this see Leavenworth County v. Brewer, 9 Kan. 307, 317, 318; Huffman v. Greenwood County, 23 Kan. 281. See also, as lending support to our views: State v. Roddle, 12 S. D. 436, 81 N. W. 980; Cornell v. Irvine, 56 Neb. 665, 77 N. W. 114; Reif v. Paige, 55 Wis. 496, 42 Am. Rep. 731, 13 N. W. 473; Harris v. More, 70 Cal. 502, 11 Pac. 780.

The judgment of the District Court is affirmed.