F. E. McCURDY, Plaintiff and Appellant, v. EDWARD G. PAT-
TERSON, C. A. Swanson, Oscar Bachman, Axel Soder and
Victor Moynier, as the Board of County Commissioners of Bur-
leigh County, North Dakota, Defendants and Respondents.

(206 N. W. 228.)

**Mandamus — county commissioners cannot be compelled by mandamus to
proceed under Woods Law to collect delinquent taxes on real property
during period covered by another statute relating to the redemption of
such property.**

Chapter 210, Sess. Laws 1925, providing for the redemption of real prop-
erty sold to the county for taxes of 1923 or prior years, construed in relation
to article 34 of chapter 34 of the Political Code, Comp. Laws 1913 (the Woods
Law) as amended, and *held,* that during the period covered by the provisions
of chapter 210 (March 3, 1925 to November 1, 1925) the county commissioners
could not be compelled by mandamus to put the Woods Law into operation and
effect.

Opinion filed November 27, 1925.

Mandamus, 38 C. J. § 431 p. 783 n. 40.

Appeal from the District Court of Burleigh County, *Berry,* J.

From a judgment denying his application for a writ of mandamus,
plaintiff appeals.

Affirmed.

*F. E. McCurdy,* for appellant.

*Edward S. Allen* and *Sullivan, Hanley & Sullivan,* for respondents.

NUESSLE, J.   The question for determination on this appeal is as
to the effect, if any, of chapter 210, Sess. Laws 1925, upon the opera-
tion of § 2306, Comp. Laws 1913, as amended by chapter 232, Sess.
Laws 1919.

The plaintiff is a citizen and taxpayer of the county of Burleigh
in the state of North Dakota, and defendants are the board of county
commissioners of Burleigh county.   On May 20th, 1925, plaintiff
applied for a writ of mandamus to compel the defendants, as the board
of county commissioners of Burleigh county, to proceed under the

provisions of article 34 of chapter 34 of the Political Code, Comp. Laws 1913, commonly known as the Woods Law, to collect delinquent taxes assessed against real property. Section 2306, Comp. Laws 1913, the first section of article 34, supra, as amended by chapter 232, Sess. Laws 1919, reads as follows:

"The board of county commissioners in any county in this state is hereby authorized to cause the proceedings hereinafter provided to be instituted and conducted, whenever in the judgment of said board it is advisable to do so, *provided, however, that such proceedings shall be instituted at least once in three years."*

It is conceded that the facts are such that the plaintiff is entitled to the relief prayed for, unless the operation of the mandatory provision of said § 2306, supra, is suspended by virtue of the enactment of chapter 210, Sess. Laws 1925, which reads as follows:

"Real estate sold to the county for taxes of 1923 or any prior year and still held by the county at the time this act takes effect may be redeemed upon payment of the amount for which it was sold at tax sale together with interest thereon at six per cent (6%) per annum from the date of sale plus the amount of all subsequent taxes held by the county with interest thereon at six per cent (6%) per annum from the date upon which such subsequent taxes became due. No penalty shall, in such cases, be charged either upon the amount for which the land was sold at tax sale nor upon such subsequent taxes. It shall not be required that the 1924 taxes be paid at the time of making such redemption, but, in order to be entitled to redeem at the low rate specified herein, such redemption must be made not later than November first, 1925. The right of redemption given herein shall apply to all real estate purchased by the county and still held by it at the time this act takes effect including cases in which the county may have sold and assigned its tax lien subsequent to the taking effect of this act."

The trial court, sustaining the contentions of the defendants in that respect, held that the effect of chapter 210, Sess. Laws 1925, was to suspend the operation of the requirement that the Woods Law be put into effect until November 1st, 1925, and denied the writ.

The purpose of legislation, such as the Woods Law is, is to enforce the payment of taxes. Chapter 210 was aimed at the same result.

Consideration of chapter 210 makes it apparent that the legislature contemplated that if those whose lands had been sold for the taxes of 1923, or prior years, and had not been redeemed, were permitted to make redemption from such sales upon the payment of the amount of the delinquent tax together with interest at the rate of 6 per cent, thereby they would the more likely be induced to make such payment. As held in the case of State ex rel. Atkins v. Lawler, ante, 278, 205 N. W. 880, the amount otherwise required to be paid to redeem from tax sale, where the county had become a purchaser, was the amount of the delinquent tax, plus the statutory penalty, plus the cost of the sale, together with interest on the total of these items at the rate of 12 per cent per annum from the date of the sale. Thus, a very substantial reduction was offered as an inducement towards redemption, providing that such redemption were made not later than November 1st, 1925.

The method of collection of taxes afforded by the Woods Law is slow and cumbersome. It entails more or less expense. Its results in the past have proved to be more or less uncertain and unsatisfactory. The legislature must have taken note of these facts. It was endeavoring to induce immediate payment of delinquent taxes. This result had not been obtained through the Woods Law. It must have been the legislative belief that the means available to enforce collection, prior to the enactment of chapter 210 were insufficient. It made the provisions of that act applicable to delinquent taxes for the years 1921, 1922, and 1923, as well as to prior years. It made chapter 210 effective immediately upon approval by the Governor. The provisions of the Woods Law could not operate upon taxes later than those for 1920 until after the first of December, 1925. While both the Woods Law and chapter 210 had the same end in view, that is, the collection of delinquent taxes, yet the means contemplated by these acts were wholly different. The one sought to attain the desired end by compulsion and detriment; the other through favor and advantage. Plaintiff contends that there is no inconsistency between chapter 210 and § 2306 as amended. He insists that if the Woods Law were put into effect and proceedings begun thereunder between March 3d, 1925 and November 1st, 1925, even though judgment were entered and sale had, redemption might nevertheless be made under the provisions and

according to the terms of chapter 210. But if this were so, the cumbrous and costly Woods Law proceeding was wholly in vain. On the other hand, if the advantages held out by chapter 210 induced redemption prior to November 1st, there was no call to invoke the provisions of the Woods Law. Taking all of these things into consideration we are of the opinion that the legislature contemplated that during the period from March 3d, 1925, the date of its approval by the governor, until November 1st, 1925, after which it could not, by its terms, be operative, chapter 210 should suspend the mandate of chapter 232, Sess. Laws 1919, requiring the county commissioners to proceed under the Woods Law. Plaintiff earnestly contends that this could not have been the legislative intent for the reason that chapter 210 does not expressly so provide. He urges that repeals by implication are not favored. This is undoubtedly the rule. Sargent County v. Sweetman, 29 N. D. 256, 150 N. W. 876. But in the first place it is not contended that chapter 210 repeals chapter 232. Next, it is equally true that "in construing a particular section of a statute, it is the duty of the court to ascertain the intent of the legislature, and for that purpose it should consider the entire statute, and its general subject-matter, as well as all other statutes *in pari materia;* and, where the court is satisfied that adherence to the strict letter of the law would defeat the object and intent of the legislature, it is the duty of the court to regard the intent, even where to do so it is compelled to restrain the application of the letter." Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; State ex rel. Flaherty v. Hanson, 16 N. D. 347, 113 N. W. 371; Murray Bros. v. Buttles, 32 N. D. 565, 156 N. W. 207; Sutherland, Stat. Constr. §§ 238 and 283, et seq. Considering the statutes here in question in the light of this latter rule, and keeping in mind the common object plainly sought to be attained by the enactments, we hold that the judgment of the district court was right and must be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.