[File No. 5903.]

COUNTY OF DICKEY, NORTH DAKOTA, a Public Corporation, Respondent, v. JAMES M. AUSTIN, Appellant.

(237 N. W. 831.)

Opinion filed August 1, 1931.

*F. J. Graham,* for appellant.

310

C. A. *Whipple,* for respondent.

BURKE, J.   This is an action brought by Dickey county against James M. Austin, county judge, to recover certain fees.   The complaint alleges that between the 1st day of September, 1927, and the 1st day of February, 1930, the defendant, as county judge, collected fees for the issuance of marriage licenses in the sum of $114.00, and for certified copies of miscellaneous items the sum of $32.75, making a total of $146.75; and that said judge has failed to turn the same over to the county on demand.   To this complaint there is a demurrer upon the ground that the complaint shows upon its face that it is insufficient to state and set forth a cause of action.   The trial judge held that the allegations in the complaint relating to fees for marriage licenses stated a good cause of action, and overruled the demurrer as to those items.   He held that the allegations relating to fees for certified copies and miscellaneous items totaling $32.75 did not state a cause of action and sustained the demurrer as to those items.   The defendant appeals from the judge's order overruling the demurrer to the allegations relating to fees for marriage licenses, and the plaintiff appeals from the order sustaining the demurrer to the fees for certified copies and miscellaneous items.

Prior to 1915 the county judge was paid for his services partly by salary and partly by fees, but in 1915 the legislature passed an act, chapter 112, Laws of 1915, providing for salaries of county

auditors, county treasurers, registers of deeds, county judges, state's attorneys, and assistants, clerks of the district courts and sheriffs, and repealing §§ 1137, 3492, 3500, 3506, 3508, 3512, 3520, of the Compiled Laws of North Dakota for 1913, the same being §§ 777, 2578, 2580, 2586, 2592, 2594 and 2598 of the Revised Codes for 1905 with any and all amendments thereto, and also § 1 of chapter 275 of the Session Laws of 1911. It will be noted that the purpose of this act as expressed in its title is to provide a salary for each of the county officers named, which includes county judges. The act is a comprehensive plan for placing all county officers on a salary, and it specifically provides that all moneys received as fees of every nature, kind and description in an official capacity, or commissions and compensation for services on boards created by law, shall be paid at the end of each month into the general fund of the county. The act specifically repeals all other statutory laws upon the subject of salaries, showing a clear intention to cover the entire subject in this one act and to repeal all other laws relating thereto. The intention that the law should apply to salaries alone is made clear by the provision repealing § 1 of chapter 275 of the Session Laws of 1911 relating to salary of sheriff and leaving intact the balance of the act. The defendant-appellant contends that chapter 112 of the Laws of 1915 was repealed by chapter 52 of the Laws of 1921; that chapter 52, Session Laws of 1921, covers the entire subject of salaries but omits to provide that the fees collected by the county officers shall be paid into the general fund of the county at the end of each month, and therefore the county judge is entitled to retain all the fees that he collects in addition to his salary. The title to chapter 52, Laws of 1921, expresses the same purpose as that expressed in chapter 112 of the Laws of 1915. It is also, as expressed in its title, "an act providing for salaries of county auditors, registers of deeds, county judges, state's attorneys, clerks of the district courts, sheriffs, and county superintendents of schools and county treasurers, and repealing chapter 112 of the Laws of 1915 and all acts and parts of acts in conflict therewith and chapter 105 of the Session Laws of 1919." It is clear from this act that it was the intention of the legislature to cover the entire subject of salaries of county officers and to repeal all other laws upon that subject. The repealing clause, however, does

not include the chapters mentioned in the title. It simply provides, that all acts and parts of acts in conflict herewith are hereby repealed.

In the case of State ex rel. Campbell v. Torgerson, 57 N. D. 152, 220 N. W. 834, this court held: "A repealing clause which repeals all acts or parts of acts, in so far as they conflict with the new enactment, or which repeals all acts or parts of acts which are in conflict, is not broader than a repeal by implication, and it repeals pre-existing legislation on the same subject only to the extent of any repugnancy but no farther."

It follows that the passage of chapter 52 of the Laws of 1921, repeals only such portions of the Law of 1915, as are in conflict with said chapter 52. That portion of chapter 112 of the Laws of 1915, which is not in conflict with chapter 52 of the Laws of 1921, reads as follows: "All moneys received as fees, of every nature, kind and description in his official capacity, or commissions and compensations for services on boards created by law, shall be paid by the county judge at the end of each month into the general fund of the county." This provision is not in conflict with any part of chapter 52 of the Laws of 1921, and therefore, it is not repealed but remains in full force and effect. It is in conflict, however, with § 4364 Comp. Laws 1913, as the same was construed by this court in the case of Sargent County v. Sweetman, 29 N. D. 256, 150 N. W. 876.

Under chapter 112 of the Laws of 1915, the county judge would be obliged to turn the fee for issuing marriage licenses and every fee of every kind, nature and description received in an official capacity into the general fund.

Section 4364 Comp. Laws 1913, among other things provided that: "The county judge shall keep a marriage book . . . and for each license and the record herein required he shall be entitled to a fee of one dollar to be paid by the party applying for the same."

In the case of Sargent County v. Sweetman, supra, this court held, that the county judge was entitled to retain the fee for his services. It is clear, however, that § 4364 as construed by this court in the Sweetman Case is in conflict with the Law of 1915, which requires the county judge to pay at the end of each month into the general fund of the county all money received as fees of every nature, kind and

description. This provision of the Law of 1915, being in full force and effect, the county judge was not entitled to the fees for marriage licenses. This leaves the question as to whether the county judge was entitled to the fees for certified copies of records amounting in this action to $32.35.

In the Sweetman Case this court said: "It is not contended that there is any statute requiring such county judge to make and certify copies of such records, nor is there any statute prescribing any such fee for service. This being true, the act of furnishing such certified copies is not an official act exacted of him by law, but is a mere voluntary labor performed outside of his official duties and for the accommodation merely of persons desiring such copies. In other words, in furnishing such copy he acts in his individual rather than in his official capacity. It is true he makes the certificate by virtue of his official position, but he does nothing more than any other official might do who has power to certify to the correctness of copies made by him . . . the making and furnishing of such copies of records not being any part of his legal duties for which his salary is his compensation, he was at liberty to make any contract he saw fit in the way of compensation for such service, to be paid by the person employing him, and that such compensation belongs to him."

If this question was here for the first time the decision might be the other way, but it is not here for the first time. The decision in the Sweetman Case has been the law for a great many years, and while the legislature has passed legislation relating to the salary of the county judge it has passed none requiring the county judge to make certified copies of records and to charge a fee therefor.

The order overruling the demurrer to the complaint on the claim for the fees for marriage licenses and sustaining the demurrer to the claim for fees for certified copies is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BIRDZELL, JJ., concur.