## HUGHES v. BOARD OF COM'RS. OF LAWRENCE COUNTY.

Pol. Code, § 1732, taken from Laws 1883, c. 112, subc. 2, § 61, conferring on county commissioners general supervision of county roads and the power to appropriate money from the county treasury for opening and vacating, or improving the same, was not repealed by Pol. Code, § 2137, taken from Laws 1899, c. 41, re-enacted by Laws 1905, c. 43, creating, by subsections 3 and 7, funds to be expended on county roads.

Though the history of legislation may be resorted to for the purpose of construction, no part of either Revised Code shall be disregarded on the theory that it was erroneously included by the Code commissioners.

Pol. Code, § 1732, conferring on county commissioners general supervision of county roads and the power to appropriate money from the county treasury as they think advisable for opening, vacating, or improving such roads, is not inconsistent with the provisions of the statute authorizing and requiring local subdivisions to collect and expend money on the same roads within their respective boundaries, and clothes the commissioners with authority to appropriate money out of the county general fund to repair and improve county roads within organized civil townships.

Pol. Code, § 1732, conferring on county commissioners general supervision of county roads and the power to appropriate money from the county treasury as they think advisable for opening, vacating, or improving such roads, invests the commissioners with authority to appropriate money out of the county general fund to repair and improve county roads in territory not included in an organized civil township, notwithstanding section 2137, providing, by subsections 3 and 7, special funds for roads in unorganized territory.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Action by Richard B. Hughes against the Board of County Commissioners of Lawrence County. Judgment for plaintiff and defendant appeals. Reversed, with directions.

*Norman T. Mason,* for appellant. *John T. Heffron,* for respondent.

HANEY, J. This is an action instituted by a taxpayer to restrain a board of county commissioners from appropriating money out of the county general fund for the purpose of repairing, rebuilding, and improving county roads. It was submitted to

the circuit court on an agreed statement of facts, from which the court concluded the plaintiff was entitled to the relief demanded. Judgment having been accordingly entered, defendant appealed. The Revised Political Code contains these provisions:

"Sec. 1732. The county commissioners have general supervision of county roads, and have power to appropriate such sums of money from the county treasury as they think advisable for opening, vacating, resurveying or otherwise improving such roads, not exceeding in any one year the sum or ratio of one thousand dollars to each five hundred thousand dollars of assessed valuation of real estate in such county; provided, that additional sums may be appropriated, but shall not be expended except upon ratification thereof by a vote of the people, to assist in building bridges and opening and repairing county roads, to be expended under their direction; provided, further, that towns through which any county road may pass shall keep such road in repair the same as other roads in their towns."

"Sec. 2137. On the first Tuesday in September of each year the board of county commissioners must meet at the county seat to levy the necessary taxes for the current fiscal year, and they may levy the taxes at any time after the said first Tuesday in September, if the statement from the state board of assessment and equalization has not been received; but such levy must not be postponed for more than ten days, and they shall levy the taxes as hereinafter directed. Such taxes shall be based upon an itemized statement of the county expenses of the ensuing year, which statement shall be included in the published proceedings of said board; and no greater levy of county tax shall be made upon the taxable property of any county than will be equal to the amount of such expenses, with an excess of five per cent. of the same. The board of county commissioners shall have power to make the following levies: (1) For general county purposes, including the support of the poor, such an amount as will necessitate a rate per centum not greater than six mills. (2) For insane purposes. * * * (3) For county roads, such an amount as will neces-

sitate a rate per centum not greater than two mills; provided, that the county road tax shall not be extended against property included within the limits of any organized township or of any organized city or town. (4) For county bridges. * * * (5) For county sinking fund; * * * provided, that the total county rates shall not exceed in any one year the sum of eight mills on the dollar for all purposes. (6) The county commissioners of each county also may levy a tax of one dollar on each elector in the county for the support of the common schools. * * * (7) In all counties not wholly organized into civil townships the county commissioners shall levy on each male person living in an unorganized township, and outside the boundaries of any organized city or town in said county, and being above twenty-one years of age, and under the age of fifty, excepting paupers, idiots, lunatics and such others as may be exempt by law, a road poll tax of one dollar and fifty cents which must be paid in money or by one day's labor in each year on the public highways within his road district at the time and place directed by the road overseer, and if not worked out or paid on demand, then no property shall be exempt to make the collection of such tax by distress or otherwise; provided, that the county commissioners shall have power to levy taxes against the property of such unorganized township for fire guards as now provided by law. (8) The county commissioners of each county shall cause to be charged upon the tax list against the name of each person returned by the assessor as the owner or keeper of a dog or dogs, as a tax the sum of one dollar for each dog owned or kept by such person. * * *"

Section 1732 appears to have been taken from chapter 112, subchapter 2, § 61, Laws 1883. Section 2137 appears to have been taken from chapter 41, Laws 1899. The latter was re-enacted in 1905, without amendment, except that the word "ten" was substituted for the word "eight" in the last clause of subdivision 5, the amendatory act declaring: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed." Laws 1905, c. 43. The contention that section 1732 is inoperative because it was inadvertently inserted in the Revised Political

Code by the Code commissioners, it having been repealed by the enactment of chapter 41, Laws 1899, cannot be sustained. The Revised Political Code was reported to the Legislature by the commissioners in the form of an original bill entitled "An act to provide a Revised Political Code," etc., and was in that form adopted as an act of the Legislature. The situation is the same as if a committee of the Legislature had introduced a bill embracing all provisions deemed proper to be included in a Political Code. It cannot be assumed that the several parts of the bill reported by the commissioners received less attention than is bestowed upon the particular portions of any bill considered and passed by the Legislature. While it is true that the history of legislation on any subject may be resorted to for the purpose of construction in case of doubt as to the legislative intent, no part of either Revised Code should be disregarded on the theory that it was erroneously included by the Code commissioners. The language of each is the language of the Legislature, subject to the rules of interpretation and construction applicable to an entire act. This being so, section 1732 cannot be wholly disregarded. "One of the cardinal rules of construction is to give effect, if possible, to all the language of the act or section to be construed." Grigsby v. Minnehaha County, 6 S. D. 496, 62 N. W. 105. "Every road located by state or county authority is a county road." Rev. Pol. Code, § 1731. The state Constitution declares: "No tax shall be levied except in pursuance of a law which shall distinctly state the object of the same, to which the tax only shall be applied." Article 11, § 8. Therefore, subsections 3 and 7 of section 2137 create funds which can be used only on roads "located by state or county authority."

It having been provided, however, that this tax "shall not be extended against property included within the limits of any organized township or of any organized city or town," it evidently was intended that the funds so raised should be used only for roads or parts of roads not included in organized townships, cities, or towns. As all highways, not included in organized townships, cities, and towns are necessarily "county roads," as defined by

the statute, it is clear that such highways are to be maintained by the county out of the funds provided by subsections 3 and 7 of section 2137. Township boards of supervisors are authorized and required to annually levy a road tax, not exceeding 50 cents on each $100 valuation of the equalized assessment of the preceding year. Rev. Pol. Code, § 2138. Incorporated cities and towns are authorized to collect and spend money upon highways within their respective boundaries. So far we have a consistent and manifestly fair apportionment of the burdens incident to the maintaining of suitable highways throughout the entire county whether it be wholly or partially composed of organized townships. Each city and incorporated town is authorized to care for its streets and alleys; each organized civil township is authorized to care for the highways within its boundaries; and the county is authorized to care for all highways in its unorganized territory. Then the question arises whether these provisions preclude the county commissioners from appropriating money out of the general fund for any highway purposes whatever. It readily will be conceded that all the people of a county are interested in highways throughout the same. It also will be conceded that cases may arise as the result of floods, natural obstructions, or other causes, when it would be manifestly unfair, if not impossible, for the organized township to bear the entire expense of opening and improving certain portions of a county road within its boundaries. Therefore, the declaration found in section 1732, that the county commissioners shall "have general supervision of county roads" and "power to appropriate such sums of money from the county treasury," not exceeding the limitations specified therein, "as they think advisable for opening, vacating, resurveying or otherwise improving such roads," is not inconsistent with the provisions of the statute authorizing and requiring local subdivisions to collect and expend money on the same roads within their respective boundaries. The language employed is sufficiently comprehensive to embrace any legitimate expense incurred by the construction or repair of any road located by state or county authority. No particular fund having been specified the appropriation may be from

the county general fund. So, we conclude, that the commissioners are clothed with authority to appropriate money out of the county general fund, not exceeding the limitations specified in section 1732, for the purpose of repairing, rebuilding and improving county roads within the limits of organized civil townships. Whether the same authority exists as to such roads in territory not included in any organized township presents a more difficult question. Having provided special funds in section 2137 for highways in unorganized territory, there is force in the contention that such funds were designed to afford the only revenue available for use on such highways. A special fund necessarily implies a separation of the purpose to which it is to be applied from the general purposes for which the revenues of a county are collected. Such implication, however, is not conclusive. It must be considered in connection with the unambiguous language of section 1732, which, by its terms, clearly embraces country roads in unorganized territory. Hence, we conclude, that the expense of maintaining county roads in organized civil townships is to be borne by the townships; that the expense of maintaining such roads in unorganized territory is to be borne by the county out of the funds provided by section 2137; but the county commissioners may, when they think it advisable, make appropriations, within the limitations of section 1732, out of the county general fund for all county roads not included in any incorporated city or town.

To avoid any misunderstanding it should be observed that neither the construction nor repair of bridges has been considered.

It follows that the judgment of the circuit court should be reversed, with directions to enter a judgment consistent with this decision.