## MEIER v. SANBORN COUNTY.

Under Pol. Code, § 1836, providing that the treasurer of a county of a certain size shall receive a salary not exceeding $1,500 a year, to be paid from the special salary fund, any surplus in such fund at the end of the year to be placed to the credit of the general fund, section 880 creating a special salary fund, and requiring the treasurer to deposit to the credit of such fund fees received for

services rendered, section 881 providing that, if the fees so paid into the county treasury shall not equal his salary of $1,500, he shall be entitled to receive only a sum equal to the fees paid into the treasury, and section 975 providing for the sale of county bonds, the proceeds thereof to be deposited in the county treasury, and providing that the county treasurer shall receive as compensation for receiving and disbursing such proceeds 1 per cent. of their par value, and that such compensation shall be in lieu of all other commissions allowed him by law, "and shall be accounted for by him the same as other fees of his office," he is not entitled to fees on the bonds in addition to his salary of $1,500.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by Michael Meier against Sanborn County. Judgment for defendant. Plaintiff appeals. Affirmed.

G. J. Danforth, for appellant.　L. L. Lawson, State's Atty. (John E. Whiting, of counsel), for respondent.

HANEY, J.　The only question presented by this appeal from an order sustaining a demurrer to the complaint is whether the plaintiff, as treasurer of the defendant county, in the years 1907 and 1908, was entitled to compensation, additional to a salary of $1,500, for receiving and disbursing funds arising from the sale of bonds issued by the defendant for the purpose of erecting a courthouse. It involves the construction of various provisions of the Revised Political Code. Section 1836 declares that each county treasurer shall receive for his services 4 per cent. on all moneys collected by him for each fiscal year, except as is otherwise expressly provided by law, and certain fees for advertising and selling land for delinquent taxes. Section 879 provides that the treasurer in a county having not more than 15,000 inhabitants (the defendant being of that class) shall receive a salary not exceeding $1,500 per annum, to be paid monthly from the special salary fund by warrants drawn on that fund, that the special salary fund shall be liable during the year only to salary warrants, and that at the end of the year any surplus therein shall be covered into the treasury and placed to the credit of the general fund. Section 880 creates a special salary fund, requires the treasurer to keep a

public record wherein shall be entered each item of fees for services rendered, to file with the auditor certain statements, under oath, showing the fees he has received, and to "deposit with the county treasurer" within specified periods the total sum of such fees, which shall be credited to the special salary fund. Section 881 provides: "In case the fees so paid into the county treasury shall not equal his salary of $1,500, then and in that case such officer shall only be entitled to receive a sum equal to the fees paid into the treasury." Section 975 authorizes the issuing of bonds, prescribes their form, and provides: "The proceeds of the sale of said bonds shall be deposited in the treasury of said county, to be paid out by the county treasurer of said county on order of said board of county commissioners. The county treasurer of said . county shall give an additional bond to said county in double the amount of the bonds so issued and sold, and shall receive as compensation for the receiving and disbursing of all funds arising from the sale of said bonds one per centum of the par value of said bonds, and the compensation herein provided for shall be in lieu of all other commissions allowed him by law and shall be accounted for by him the same as other fees of his office." All the provisions of the Revised Political Code must be regarded as parts of one and the same act. The language of each section is the language of the Legislature, governed by the rules of interpretation and construction applicable to an entire act. Hughes v. Board, 25 S. D. 480, 127 N. W. 613. "One of the cardinal rules of construction is to give effect, if possible, to all the language of the act or section to be construed." Grigsby v. Minnehaha Co., 6 S. D. 492, 62 N. W. 105.

It is clear the Legislature intended that 1 per centum of the par value of bonds issued and sold for erecting county buildings should be considered in determining the treasurer's compensation; the only controversy being whether his right to such per centum is affected by the provision limiting his salary to $1,500 per annum; in other words, whether the compensation, commission, or fee, whatever it may be called, provided for in section 975, should be regarded as constituting a part of the special salary fund or as an

independent item of compensation not embraced by the $1,500 limitation. While section 975 does not expressly require the 1 per centum to be paid into the special salary fund, it does not expressly require that all the proceeds of the bonds shall be paid into the general fund. It merely requires the proceeds to be "deposited in the county treasury." The clause, "the compensation herein provided for shall be in lieu of all other commissions allowed him by law," though perhaps unnecessary, evidently was inserted for the purpose of removing any possible doubt as to whether the treasurer would be also entitled to compensation for the same service under section 1836, or other provisions of law. The concluding clause, "and shall be accounted for by him the same as other fees of his office," does not conflict with the express limitation as to the treasurer's total compensation. If it had been omitted, there would be nothing in the section in conflict with such limitation. While the language employed does not appear to be exceptionally apt or appropriate, it certainly does not support the contention that the Legislature intended to except the 1 per centum from the operation of the $1,500 limitation. On the other hand, it clearly indicates an intention to provide that this particular item should be treated as other fees which go to make the measure of the treasurer's salary. The compensation of a public officer is not governed by the rules relating to contracts. It does not depend upon the value of the officer's services. The imposition of additional duties or burdens creates no presumption of an intention to . increase compensation. Presumably, when the Revised Political Code was adopted, there were counties in which the fees allowed by sections other than 975 would not equal $1,500 per annum, and the Legislature deemed it proper that, when such was the condition, the treasurer should be allowed a fee for receiving and disbursing the funds arising from the sale of bonds. But it evidently did not intend that the aggregate of his fees in counties having not more than 15,000 inhabitants should exceed $1,500, or it would have so provided in express terms. Consideration of all the pertinent provisions of the Political Code irresistibly leads to the conclusion that the fee provided for in section 975 should be regarded as other fees, subject to the express limitation found in

section 879, and not as an independent, additional item of compensation.

The contention that the case at bar should be ruled by the case of State v. Roddle, 12 S. D. 433, 81 N. W. 980, is clearly untenable. The question in that case was whether the Legislature intended to create a new office or to impose additional duties upon the Secretary of State as such. There was no doubt of its intention to allow compensation for the duties performed by the Secretary as a member of the brand and mark committee. It was held that the statute should be construed as creating a new office, otherwise it would have been unconstitutional. In this case the question is simply whether the Legislature intended to provide compensation for additional services or duties without regard to the $1,500 limitation. In other words, what was the legislative intent as to the extent of the treasurer's compensation in counties having not more than 15,000 inhabitants when such counties issue bonds for the erection of county buildings? No constitutional limitation is involved. The Legislature had the power to enlarge the $1,500 limitation if it desired to do so. The question is what did it intend to do, not what it could or should have done.

We think it did not intend to enlarge such limitation, and that the order appealed from should be affirmed.