## COUNTY OF SARGENT v. C. H. COOPER.

### (150 N. W. 878.)

**Action by county against treasurer — commissions received — to recover — state school lands — sales and leases.**

1. In an action by a county against its treasurer to recover certain commissions earned and retained by him for collecting moneys due the state on school land sales and leases,—

*Held,* construing § 43, chap. 118, Laws 1893, and acts amendatory thereof, that it was the legislative intent that the treasurer should retain such commissions as compensation for his services thus rendered to the state.

**Legislative enactments — conflict — later act prevails — new amendment — continuation of statute — revision.**

2. Construing § 6, chapter 42, Laws of 1889 (Rev. Codes 1905, § 2570), authorizing county treasurers to retain 1 per cent of all funds arising from the sale of bonds for the erection of county buildings as his compensation for receiving and disbursing the same; together with chapter 53, Laws 1891, placing such officer on a salary basis, and fixing a maximum allowance therefor, and acts amendatory of such statutes,—

*Held,* that an irreconcilable conflict exists between them, and that therefore the former was impliedly repealed by the latter.

*Held,* further, that the incorporation into and re-enacting of these statutes,

without material change, in the general revision of the laws in 1895, did not operate as a new enactment of them, but only as a continuation thereof, as expressly provided in § 2683, Rev. Codes 1895. Hence, such statutes should be construed the same as though such revision had not been made.

Opinion filed January 9, 1915.

Appeal from District Court, Ransom County; *Allen,* J.

From a judgment in defendant's favor on one, and in plaintiff's favor on the other cause of action, both parties appealed.

Affirmed as to each appeal.

*E. W. Bowen* and *Wolf & Schneller,* for respondent and appellant.

A person accepting a public office with a fixed salary is bound to perform the duties of the office for the salary, and cannot legally claim any additional compensation for incidental services, though such work was subsequently imposed upon such office. Decatur v. Vermillion, 77 Ill. 315; Miami County v. Blake, 21 Ind. 32.

No other compensation than the fixed salary is allowed a public officer, unless expressly provided by law. 19 Am. & Eng. Enc. Law, 528, and notes; Hannah v. Chase, 4 N. D. 351, 50 Am. St. Rep. 656, 61 N. W. 18.

The legislature has power to impose upon a public office additional work. Wilson v. Cass County, 8 N. D. 456, 79 N. W. 985; Miller v. Kister, 68 Cal. 142, 8 Pac. 813.

*Engerud, Holt & Frame,* for appellant and respondent.

The law as to county treasurers does not purport to prescribe a general salary for all services; it merely refers to part of his duties, and prescribes what his compensation shall be therefor. Laws of 1893, chap. 118, § 43.

The law contemplates that the collection of school land money is a distinct and separate duty from the treasurer's services to the county, and was to be paid for by the state. Love v. Baehr, 47 Cal. 364; Melone v. State, 51 Cal. 550; State ex rel. Tzschuck v. Weston, 4 Neb. 244; Cornell v. Irvine, 56 Neb. 665, 77 N. W. 114; State v. Roddle, 12 S. D. 436, 81 N. W. 980; State ex rel. Howell v. LaGrave, 23 Nev. 383, 48 Pac. 674; 30 Cyc. 1130, and cases cited in notes.

The legislature, in passing an act directed to a special subject, and having observed all the circumstances of the case and provided for

them, does not intend, by subsequent general enactment, to derogate from its own act, without expressed intention so to do. Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co. 2 S. D. 546, 51 N. W. 342; Finch v. Armstrong, 9 S. D. 255, 68 N. W. 740; La-Grange County v. Cutler, 6 Ind. 354; Banks v. Yolo County, 104 Cal. 258, 37 Pac. 900; Rice v. Goodwin, 2 Colo. App. 267, 30 Pac. 330; Jackson v. Washington County, 34 Neb. 680, 52 N. W. 169; Re Taylor, 3 App. Div. 244, 38 N. Y. Supp. 348; Homer v. Com. 106 Pa. 221, 51 Am. Rep. 521; State ex rel. Swerdfiger v. Whitney, 12 Wash. 420, 41 Pac. 189; State ex rel. Smith v. Parker, 12 Wash. 685, 42 Pac. 113.

FISK, J. Action by Sargent county against its treasurer to recover certain fees and commissions. The facts were stipulated and found by the court as follows:

"I. That between the 1st day of January, 1909, and the 17th day of July, 1911, and acting pursuant to authority conferred upon him by law as such county treasurer, the defendant had collected and received the following sums of money from the following named persons, and from the following named sources, and for the following named purposes, to wit: From the state of North Dakota, as commissions on collections of the proceeds of school lands, $214.29, such aggregate collection being made up in the following sums, to wit: $111.15 received by the defendant on the 12th day of May, 1909, $103.14 received by the defendant on the 29th day of July, 1910.

"II. That before the commencement of this action, and during the official term of this defendant as such county treasurer of said county of Sargent, the said county of Sargent caused to be issued bonds of the said county in the aggregate sum of $50,000 for the purpose of—the proceeds of the money to aid in the construction of a courthouse for said county; that said bonds were sold by the county commissioners of said county in the manner provided by law, and the proceeds thereof, to wit, more than $50,000, were received by the defendant as such county treasurer, and disbursed by him, with the exception of $725 and some cents, and that the defendant charged, kept, and retained of said $725 the sum of $500, that being 1 per cent upon the par value of said county bonds, and charged and retained the same, and still

retains the same, under the claim that he is entitled to charge and retain the same as his commission for services in the handling and disbursements of said proceeds of said bonds.

"III. That the sums of money so received and retained by the defendant, as herein stipulated, were separate and distinct from and in excess of the annual salary of $1800 as such county treasurer."

Judgment was entered in the court below in plaintiff's favor for the recovery of $500 commission on sale of courthouse bonds, but as to plaintiff's right to recover certain commissions on collections on the proceeds of school land sales, that court held with the defendant, denying the relief prayed for by the plaintiff county.

We have before us two appeals: One by the plaintiff from that portion of the judgment denying a recovery of the school land commissions, and the other by the defendant from that portion of the judgment in plaintiff's favor for commissions on sale of courthouse bonds.

What was said by us in the case of Sargent County v. Sweetman, ante, 256, 150 N. W. 876, just decided, as to the general principles and rules of statutory construction with reference to statutes pertaining to salaries and fees of public officers, is equally applicable in this case. Counsel do not differ as to such general principles and rules, and we shall therefore not restate them here.

Our attention will first be directed to plaintiff's appeal involving the question of defendant's right to retain the commissions on school moneys collected by him.

We think it very clear that defendant is entitled to these commissions, and hence that the court below did not err in that part of its judgment challenged by plaintiff's appeal. A careful consideration of the history of the various statutes relating to the compensation of county treasurers serves to firmly convince us of the correctness of our conclusion as above expressed. We deem an extended review of these statutes in this opinion quite unnecessary and useless, but we will briefly refer to them.

As stated by counsel for defendant: "Prior to 1887 county treasurers were paid by fees for services, and they kept all the fees earned. Chap. 20, Laws 1879, Comp. Laws, § 1417; and see Comp. Laws, §§ 1618, 923, 1058, 642.

"In the year 1887 the territorial legislature enacted chap. 50, Laws 1887, Comp. Laws, §§ 632 et seq.

"This act of 1887 required all registers of deeds and county treasurers to keep account of all fees earned, and to deposit the same in the county salary fund. They were each to be paid salaries quarterly by warrants drawn on the salary fund, their salaries not to exceed the amount of fees earned, and not to exceed $2,000 per annum. The salary in a small county was the same as in a big county. Fees for certifying to abstracts, however, were excepted from this arrangement, and the officers were permitted to keep these abstract fees without accounting for them.

"This law of 1887 remained unchanged until the legislative session of 1891.

"In the meantime the territory had been reorganized into states, each with extensive land grants, and by the statute of 1890 (chap. 146, § 11) the county treasurer had been made the local collector of rentals on school lands for the state, and allowed compensation therefor, to be paid by the state.

"At the next session of the legislature a complete change was made of the laws relating to salaries of county auditor, register of deeds, and county treasurer, and §§ 14 and 15 of chapter 10, Laws of 1887, relating to county auditors, were expressly repealed. See § 7, chapter 52, Laws 1891.

"In place of the previous laws on the subject, that legislature substituted chapter 52, Laws of 1891, relating to county auditors and registers of deeds, and chapter 53, Laws of 1891, relating to county treasurers.

"At the next session of the legislature a comprehensive revision of the laws relating to school lands, the sale and leasing thereof, and the disposition of the funds derived therefrom, was enacted in chapter 118, Laws of 1893. Section 43 of that act is the section giving the county treasurer certain commissions for acting as local collecting agent for the state on school land sales and leases. By § 42 provision is made for specific and separate security to the state against defalcations by the county treasurer with respect to school land collections.

"Each of the three last-mentioned acts was specifically re-enacted by the legislature of 1895 as part of the 1895 Code.

"Chapter 52, Laws of 1891, was re-enacted without substantial change as §§ 2073 et seq., Rev. Codes 1895.

"Chapter 53, Laws 1891 (relating to county treasurers, being the law in question here), became §§ 2080 et seq., of Rev. Codes of 1895.

"Chapter 118, §§ 42 and 43, Laws 1893 (relating to treasurers' commissions on school land collections here in question), became §§ 209 and 210, Rev. Codes 1895.

"These two last-mentioned acts (chapter 53 on county treasurer's salary, and §§ 42 and 43, relating to treasurers' commissions on school land collections) have continued ever since without material change. Amendments have been made from time to time, the last one in 1899, changing the classification of counties, and changing the amount of compensation, but these amendments are immaterial to the question at issue.

"The law, so far as material to the question now in issue, is the same now as it was when the legislature re-enacted it as part of the 1895 Code."

It is the contention of plaintiff's counsel that § 210, Rev. Codes 1895, dealing with commissions on school land collections, and which was originally enacted in 1893, is repugnant to the limitation of such compensation as fixed in chapter 67, Laws of 1899, which, he contends, is a later enactment dealing with the specific subject of compensation of the treasurer, and is controlling as working an implied repeal of the former. The fallacy of such contention is apparent for two reasons: First, chapter 67 is not an original enactment. It was first enacted as chapter 53, Laws of 1891, and it does not in its present form materially differ from its original provisions in so far as the question here involved is concerned. Second, as we view it, there is no repugnancy between the two acts. The former is a part of a comprehensive law enacted as chapter 118, Laws of 1893, providing, as its title discloses, "for the management, control, and disposal of university, school and all other public lands of the state, and the management of the funds arising therefrom," etc.; while the latter is a general statute fixing the salary of county treasurers. Therefore, what was recently said in the companion case to this (Sargent County v. Sweetman) with reference to repeals by implication under analogous facts is also applicable here. The question, in its last analysis, is, as

aptly stated by defendant's counsel: "Does the proviso in the treasurer's salary act (chap. 53, § 1, Laws 1891; Rev. Codes 1895, § 2080; Rev. Codes 1905, § 2598), 'provided that no treasurer shall receive more than $1,200 for his personal services in any one year,' etc., limit the maximum compensation for *all services,* or does it limit only the maximum compensation receivable by him for his services for the 'collection and paying over' of all public moneys (*other than school land collections*) 'collected or received as such county treasurer?'" We are clear that such proviso was not intended to apply to services performed in making school land collections, and that therefore the contention of plaintiff's counsel must be overruled.

This brings us to a consideration of defendant's appeal, which involves the sole question of his right to charge and retain a commission on the sale, by the county commissioners, of county bonds for building a courthouse.

The statute under which defendant claims the right to retain such commission is § 2570, Rev. Codes 1905, which reads:

"The proceeds . . . of such bonds shall be deposited in the treasury of such county, to be paid out by the county treasurer on the order of such board. The county treasurer shall give an additional bond in double the amount of the bonds so issued and sold, and *shall receive as compensation for the receiving and disbursing of all funds arising from the sale of such bonds 1 per cent of the par value of such bonds, and the compensation herein provided for shall be in lieu of all other* commissions allowed him by law."

This section was originally enacted as § 6 of chapter 42, Laws of 1889, which chapter makes provision for the issuance of bonds for county buildings. It is contended by plaintiff's counsel that such statute, having been passed while county treasurers were on a fee basis pursuant to the provisions of chapter 50, Laws of 1887, that such act is clearly repugnant to a later statute passed as chapter 53, Laws of 1891, which abolished the fee system, and placed such office upon a salary basis, the amount of which was regulated by the amount of public moneys by him collected or received as such county treasurer, and fixing a maximum limit, which latter act repeals all acts and parts of acts inconsistent therewith. It is said that the 1889 act was passed with special reference to the general law for compensation of county

treasurers then in force, but that when such general law was repealed by chapter 53, Laws of 1891 aforesaid, it necessarily effected a repeal by implication of the 1889 act. The 1889 statute, authorizing such commission of 1 per cent on moneys received from the sale of bonds, was in harmony with the prior fee statute, but out of harmony with the later enactment aforesaid, which places such officer on a salary basis.

Defendant's counsel make a very plausible argument to the effect that there was no repugnancy between these two statutes, but that in any event, conceding such repugnancy to exist, the re-enactment of these statutes in the 1895 revision was an *original enactment,* and that it is not permissible to go back of that revision. In other words, he argues that if the 1889 statute was repealed by implication by the 1891 law, then the re-enactment, in the revision of 1895, of the former, must be considered as a *"new* enactment, and not a re-enactment or continuation of the then existing law." Such argument does not appeal to us as sound, nor do they cite any authorities in support thereof. The fact that this old statute was incorporated into the 1895 revision would no doubt have a tendency to show that the legislature deemed it an existing statute at that time, but such fact would not have any tendency to show that the lawmakers, *with knowledge* that the same had been thus repealed, intentionally re-enacted it as a *new* statute. Especially is this true in the light of § 2683, Rev. Codes 1895, providing: "The provisions of this Code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments." Under this explicit provision we think these old statutes, which were incorporated in such revision, are to be construed in the same way in which they would have been construed had such revision not been had. The supreme court of our sister state of South Dakota, in Hughes v. Lawrence County, 25 S. D. 480, 127 N. W. 613, used language which on its face appears somewhat contrary to these views, but we do not find that in the revision of the laws of that state any such provision as that in § 2683, supra, was incorporated.

The supreme court of South Dakota also had a case before it involving the same question here under consideration, and reached the same conclusion we have reached with reference to a county treasurer's claim to a commission on the sale of courthouse bonds. But it should

be noted that their statute contains a clause not found in that of this state. See Meier v. Sanborn County, 28 S. D. 386, 133 N. W. 695.

The contention of defendant's counsel that this 1891 statute aforesaid is not repugnant to the 1889 law, has been carefully considered by us in the light of the rule of statutory construction established by the authorities cited by them, and we deem such contention without substantial merit. The later statute is very full and explicit to the effect that the amounts therein designated shall cover the treasurer's compensation for receiving and disbursing of all public moneys belonging to the county, and we think it reasonably clear that the legislature did not intend to except from its provisions moneys collected from the sale of bonds for the erection of county buildings.

The judgment of the District Court is in all things affirmed.