R. W. FRAZIER, Respondent, v. CARL SCHULTZ, H. H. Lohmeyer, and C. H. Wolter, as County Commissioners in and for Divide County, North Dakota, and W. J. Hayes, Sheriff of said County, Appellants.

(206 N. W. 781.)

**Taxation — statute, authorizing county commissioners to contract with sheriff to pay him percentage of delinquent personal property taxes for collection thereof, held not repealed by subsequent statutes.**

It is *held* for reasons stated in the opinion, that § 2173 of the Compiled Laws for 1913 (Sess. Laws 1901, chap. 164), which authorizes the county commissioners to contract with the sheriff to pay him a percentage of the delinquent personal property taxes (more than one year delinquent) for the collection thereof, is not repealed by subsequent acts of the legislature placing the sheriff on a salary basis (Sess. Laws 1911, chap. 275, Sess. Laws 1915, chap. 112, and Sess. Laws 1921, chap. 52).

Opinion filed December 21, 1925.

Taxation, 37 Cyc. p. 1191 n. 30 New.

Appeal from the District Court of Divide County, *Lowe,* J.
Reversed.

*Olaf Braatelien,* State's Attorney, and *H. W. Braatelien,* Assistant State's Attorney, for appellants.

*Gaius S. Wooledge,* for respondent.

BIRDZELL, J. This is an appeal from a judgment canceling as void a certain contract for the collection of taxes as entered into between the county commissioners and the sheriff of Divide county. The relator filed a petition in the district court for a writ of certiorari, in which it is set up that, without jurisdiction and without authority in law, the county commissioners entered into a contract with the sheriff with reference to all delinquent personal property taxes for the years 1918 to 1922, both inclusive, and for all years prior thereto, whereby the sheriff was to receive compensation for his efforts in the collection of such taxes amounting to 25 per cent on all taxes collected for the years

1919 and prior; 20 per cent for 1920; 15 per cent for 1921 and 10 per cent for 1922. The writ issued and the return set up the contract in substance as alleged in the petition. In reviewing the proceedings, the district court held that the county commissioners had no authority to make a separate contract with the sheriff for the collection of delinquent taxes; that § 2173 of the Compiled Laws for 1913, which purports to authorize such contract, had been abrogated by chapter 275 of the Session Laws of 1911, as amended by chapter 112 of the Session Laws of 1915 and by chapter 52 of the Session Laws of 1921. In accordance with this view of the law, the court directed the entry of the judgment appealed from.

Section 2173 of the Compiled Laws for 1913 reads as follows:

"In any county where for any reason personal property taxes that have been delinquent more than one year remain unpaid, uncancelled or not put into personal property tax judgment, or in any county where delinquent taxes have been put into tax judgment, the commissioners of such county may contract with the sheriff of the county to pay him a percentage of such delinquent personal property taxes, or personal property tax judgments, as compensation for collecting the same, in lieu of or in addition to the compensation now provided by law. And such expense of collection shall be borne pro rata by the state, county, city, village, township or school district in which such tax is laid."

At the time of the enactment of this section as chapter 164 of the Laws of 1901, the sheriff's compensation was on a fee basis. In 1911 the legislature, by the enactment of chapter 275 of the Laws of 1911 (Comp. Laws 1913, §§ 3520 to 3526), provided that the salary of the sheriff should be regulated by the population of his county according to the last preceding official state or federal census. The language employed to express the measure of compensation is as follows: "Provided, that no sheriff shall receive more than fifteen hundred dollars for his personal services in any one year in counties having a population of less than five thousand," with increasing amounts dependent upon population and ending with the further proviso "that no sheriff within the state of North Dakota shall receive for his personal services more than thirty-five hundred dollars in one year." In addition to the salary it was provided that the sheriff or his deputies should be allowed ten cents a mile for each and every mile necessarily traveled

53 N. Dak.—30.

in the performance of any of his official duties (Comp. Laws 1913, §
3521), and that he should be reimbursed for livery hire which should
not exceed five dollars per day, the days being reckoned on a mileage
basis.   Comp. Laws 1913, § 3522.   It was further provided in § 6
of chapter 275, Session Laws of 1911 (Comp. Laws 1913, § 3525),
that in all civil actions the fees should be collected by the sheriff and
paid in advance, and at the expiration of each month he should turn
over to the county treasurer the fees so collected and make a report to
the board of county commissioners showing all fees earned and col-
lected; that he should keep a complete record of the fees due his office
for services rendered in criminal actions and present his itemized
statement for mileage and livery in connection with such criminal ac-
tions and file the same with the county auditor at the expiration of each
month and receive his warrant for mileage and livery; and, in § 7, that
he should report to the board of county commissioners at the expira-
tion of each month all fees collected and the failure to collect the fees
and turn the same over to the county treasurer, as prescribed in the
preceding section, or the making of a false report, is made a felony
and punishable as such.

In 1915 the legislature enacted a comprehensive act regulating the
salary of county auditors, treasurers, registers of deeds, county judges,
states' attorneys and assistants, clerks of district courts and sheriffs,
specifically repealing § 1 of the 1911 Act (Comp. Laws 1913, § 3520),
and substituting a new section in its place containing a different salary
scale.   The wording is substantially the same in that it provides "that
no sheriff shall receive more than fifteen hundred dollars for his per-
sonal services in any one year in counties having a population of less
than seven thousand," etc. (Laws 1915, § 6, chap. 112), the section
concluding, however, as follows:   "All moneys received as fees of every
nature, kind or description in his official capacity, or commissions and
compensation for services on boards created by law, excepting mileage
and livery, shall be paid by the sheriff at the end of each month into
the general fund of the county."   In 1921 another act was passed,
similar in scope to chapter 112 of the Laws of 1915.   This act (Sess.
Laws 1921, chap. 52) purports in its title to repeal chapter 112 of
the Laws of 1915 and all acts and parts of acts in conflict.   The re-
pealing clause, however, is not as comprehensive as the title indicates.

It reads: "All acts and parts of acts in conflict herewith are hereby repealed." The act provides that the salary of the sheriff shall be according to the last preceding official state or Federal census and that sheriffs shall receive "for their personal and official services in each year" stated amounts depending on population. Section 2173 of the Compiled Laws for 1913, quoted above, being a special provision dealing with the collection of public revenues and providing for the compensation of the sheriff in that connection, is not specifically repealed by any of the subsequent enactments. The single question involved in this case is whether or not this section is repealed by implication. The principle that repeals by implication are not favored is so well understood that it is hardly necessary to state it. It is not and can not be contended within this principle that a prior act is repealed by the enactment of a subsequent act, unless the latter purports to cover the same subject. The serious question in the instant case, then, is whether or not the legislature, in any of its successive acts regulating the salaries of sheriffs, dealt with the subject of his compensation in terms sufficiently broad to clearly indicate an intention to cover the compensation with reference to the collection of delinquent taxes, which had previously been the subject of contract between him and the board of county commissioners. Or, whether or not, in providing the amount that should be paid to the sheriff "for his personal services," it meant to include an amount that he might earn under a contract for the collection of taxes. Stated another way, the real question is even broader, namely, whether or not, in legislating with regard to the salary of sheriffs, the legislature also intended to curtail the powers of county commissioners with reference to the collection of delinquent taxes. If the contentions of the respondent be correct, then one of two alternatives is inevitable. Either the county commissioners are shorn of their authority to contract with the sheriff for the collection of delinquent taxes, or, if they have the power, the compensation earned by the sheriff under such contract is required to be turned into the county with the other fees of his office, resulting in the amount of the fee being left to the agreement of the sheriff and the county commissioners combined, with the sheriff having no interest in the matter other than as a taxpayer. It is one thing to have the amount of a fee determined by the mutual

agreement of parties, where one side is acting in an official capacity representing the public and the other acting with a view to his own interest, and quite a different matter to have the fee determined in the same manner with the element of personal interest removed from one of the parties.

This court, upon different occasions, has considered the effect of somewhat similar legislation. In the case of Sargent County v. Sweetman, 29 N. D. 256, 150 N. W. 876, it was held that a law which made it the duty of a county judge to issue marriage licenses and record marriages, and which provided that he should be entitled to a fee of one dollar from the applicant, was not so inconsistent with a law fixing the salary of a county judge that the two could not coexist. It is also held that, in the absence of a law making it the duty of a county judge to furnish certified copies of his records when required, he was entitled to retain fees charged for such services. In the case of Sargent County v. Cooper, 29 N. D. 281, 150 N. W. 878, it was held that an act fixing the salary of county treasurers was not so inconsistent with an act under which the county treasurer was entitled to commissions on school land collections that the two could not coexist.

The court, in comparing the two, said, at page 286 of the opinion (29 N. D. 281, 150 N. W. 878): "Second, as we view it, there is no repugnancy between the two acts. The former is a part of a comprehensive law enacted as chapter 118, Laws of 1893, providing, as its title discloses, 'for the management, control and disposal of university, school and other public lands of the state, and the management of the funds arising therefrom,' etc.; while the latter is a general statute fixing the salary of county treasurers."

It was also held in the latter case that there was an irreconcilable conflict between a statute authorizing a county treasurer to retain one per cent of all funds derived from the sale of bonds for the erection of buildings as his compensation for receiving and disbursing the same, and a subsequent act placing such officer on a salary basis and fixing a maximum allowance therefor.

In the case of State ex rel. Braatelien v. Drakeley, 26 N. D. 87, 143 N. W. 768, it was held that an act regulating the salary of the county auditor and which required him to account monthly for "all moneys

received as fees for certifying to abstracts or deeds in excess of the salary" required him to turn over to the county the certificate fees charged for certifying with reference to taxes when deeds were presented for transfer, under chapter 219 of the Session Laws of 1907. While the two acts in question had been passed at the same session of the legislature, chapter 219 was first enacted. It provided expressly that the county auditor might retain the certificate fees, whereas the later enactment required him to account therefor. The repugnancy was resolved in favor of the later enactment.

The contention in the instant case that the county commissioners have been shorn of their power to contract with the sheriff with reference to the collection of delinquent personal property taxes under § 2173 of the Compiled Laws for 1913, and that the sheriff may no longer have any interest in the compensation to be paid for that service, derives its greatest force from the language of the salary acts of 1911 and 1915, to the effect that the sheriff shall receive no more "for his personal services" than the amount stipulated, and the further expression, found alone in the 1915 act, that he shall turn in to the general fund of the county all moneys received as fees of every nature, kind or description in his official capacity or his commissions and compensation for services on boards.

In view of the change of policy involved with regard to the collection of delinquent taxes and of the lack of any apparent purpose to change or reduce the authority of the board of county commissioners with reference to a subject previously committed to it, we are of the opinion that the subsequent legislation prescribing the salary of the sheriff does not effect a repeal of § 2173 of the Compiled Laws for 1913. As we view the matter, none of the subsequent legislation purports to cover the subject covered by § 2173, and the repugnancy between this section and the subsequent acts fixing the salary of county officers, including sheriffs, is not such that the two cannot coexist. The salary acts may well comprehend all services that might be required of the sheriff in the ordinary course of discharging the duties of his office, as distinguished from those which had previously been declared to be a matter of contract adjustment or regulation and concerning which there had been implied, if not expressed, freedom of choice as to whether the

particular duties would be performed and, if performed, the terms of the compensation.

The judgment appealed from is reversed.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.