F. M. DAVIS, Receiver of the Farmers & Merchants State Bank of Denhoff, North Dakota, a Corporation, Respondent, v. E. JOHN-SON, Appellant.

(170 N. W. 520.)

**Insolvent bank — stockholders of — statutory liability — receiver may enforce.**

1. Under the laws of this state the receiver of an insolvent bank may enforce against stockholders the added statutory liability prescribed by § 5168, Compiled Laws 1913.

**Stockholder — judgment against — evidence and findings — sufficient to support.**

2. It is *held* that in the instant case the evidence and findings justify a judgment against the defendant as a stockholder in an insolvent bank for the amount of such added statutory liability.

Opinion filed November 30, 1918.

From a judgment of the District Court of Sheridan County, Honorable *W. L. Nuessle,* Judge, defendant appeals.

Affirmed.

*Geo. Thom, Jr.,* for appellant.

The receiver of an insolvent corporation, a bank, has no title or interest in the matter of the statutory liability of the stockholders of such bank, and he cannot maintain an action against a stockholder to recover on such liability.

This right only exists in the creditors of the bank. Comp. Laws 1913, §§ 7995–7998.

And the court may compel all the creditors to come in as parties and

---

Note.—The weight of authority sustains the rule that the statutory added liability of holders of corporate shares of stock, in addition to the par value thereof, is not a corporate asset, but a secondary or collateral liability, flowing directly to, and to be enforced by, creditors, and that a receiver, assignee, or trustee of an insolvent corporation cannot, in the absence of express statutory authority, recover it, as will be seen by an examination of a note in 31 L.R.A.(N.S.) 365, on right of receiver, assignee, or trustee to recover statutory added liability of corporate stockholder.

present and prove their claims. Comp. Laws 1913, § 7321; 7 R. C.
L. art. 373; McLoughlin v. O'Neill (Wyo.) 51 Pac. 243; 34 Cyc.
note 13 and cases cited; 31 L.R.A.(N.S.) 365, note and authorities.

A trustee in bankruptcy of a corporation cannot enforce the statutory
liability of a stockholder, since it is not a corporation asset and does
not pass to the trustee, but remains subject to the demands of the credi-
tors, if the corporate assets are insufficient to discharge their claims.
Walsh v. Skanklin, 125 Ky. 715, 102 S. W. 295; Zang v. Wyant, 25
Colo. 551; Lane v. Morris, 8 Ga. 468; Wincock v. Turpin, 96 Ill. 135;
Hammond v. Cline, 170 Ind. 452; Woodworth v. Bowles, 61 Kan. 569;
Childs v. Cleaves, 95 Me. 498; Colton v. Mayer, 90 Md. 711; Hancock
Nat. Bank v. Ellis, 166 Mass. 414; Palmer v. Bank of Zumbrota, 65
Minn. 90; Millisack v. Moore, 76 Mo. App. 528; Holcomb v. Tierney,
79 Neb. 660; Hirschfield v. Fitzgerald, 157 N. Y. 166; Finney v. Guy
(Wis.) 82 N. W. 595; Wright v. McCormack, 17 Ohio St. 86; Ball v.
Anderson, 196 Pa. 86; Steinke v. Loofbourow, 17 Utah, 252; Murtey
v. Allen, 71 Vt. 377; Hale v. Allinson, 188 U. S. 56; note in 31 L.R.A.
(N.S.) 365.

When the statute provides a method of procedure, that method is
exclusive. Sess. Laws 1915, House Bill 344; Finney v. Guy (Wis.)
82 N. W. 595.

The defendant was entitled to notice of the determination of the
stockholders' statutory liability, and the court erred in holding to the
contrary. No notice of the hearing before the court or of the order
making the assessment was given defendant. Comp. Laws 1913, §§
7995, 7998, 8000; 34 Cyc. 396.

Harry E. Dickinson, for respondent.

The statutory liability of stockholders of a corporation is no different
in principle from the liability of the stockholder for his unpaid stock
subscription; that both are trust funds for the payment of the corporate
debts and should be collected and administered in the same manner.
That the method provided by statute and relating to creditor's suits is
not exclusive. This rule is sometimes known as the Washington rule
and has been followed by many states. 31 L.R.A.(N.S.) 365, 368
note; Wilson v. Book (Wash.) 43 Pac. 939; Watterson v. Masterson

(Wash.) 46 Pac. 1041; Shuey v. Adair (Wash.) 64 Pac. 536; Howarth v. Lombard, 175 Mass. 570; Smathers v. Bank, 135 N. C. 410; Barton Bank v. Atkins, 72 Vt. 33; Howarth v. Elwanger, 86 Fed. 54; Conway v. Savings Bank, 165 Fed. 822; State v. Union Stock Yards Bank (Iowa) 70 N. W. 752; Elson v. Wright (Iowa) 112 N. W. 105; Farmers Loan & T. Co. v. Funk, 49 Neb. 353, 63 N. W. 520.

Wherever this liability is regarded and treated as a trust fund, this doctrine and method prevail. State v. Union Stock Yards Bank, 70 N. W. 752; Farmers L. &. T. Co. v. Funk, 68 N. W. 520.

Such liability is not one direct to the creditors, but constitutes a trust fund for the debts of the bank which the receiver is authorized to collect and distribute. Elson v. Wright (Iowa) 112 N. W. 105; Wilson v. Book, 43 Pac. 939.

Courts now refuse to follow the old rule of exclusive liability to creditors, and have adopted new rules more in consonance with principle and convenience of procedure, and now the receiver may proceed either in equity or by separate suits at law. Shuey v. Adair (Wash.) 54 Pac. 536; Comp. Laws 1913, § 7995, et seq.; John Miller Co. v. Harvey Mercantile Co. 165 N. W. 558.

The action or proceeding which is authorized by our Code is similar to a creditor's bill. Its object and purpose is single, and that is to collect into a common fund the assets of the corporation. John Miller Co. v. Harvey Merc. Co. (N. D.) 165 N. W. 558; 7 C. J. 511 (85); State v. Merchants Bank, 70 N. W. 803; People v. Bank, 74 N. Y. Supp. 806.

Where a corporation has suspended business by reason of insolvency, and a receiver or trustee has been appointed by a court of equity, the court will, in accordance with the usual course of practice in chancery cases, take and state an account of the assets and liabilities of the corporation and of what is due from its shareholders in the aggregate, as well as of what is due from each individually, and on this basis make an interlocutory decree, ordering an assessment upon the shareholders to raise the money to liquidate its debts and to pay the attendant costs. Such decree is conclusive upon all shareholders, whether or not they were made parties or served with process. The theory is that the corporation is still, in a sense, their agent and that they are parties by

representation.    10 Cyc. 735 (3); 33 L.R.A.(N.S.) 910, note and cases cited; Shaefe v. Lorimer, 79 Fed. 921; 7 C. J. 515; Uleland v. Haugen, 73 N. W. 169; Elson v. Wright, 112 N. W. 105.

CHRISTIANSON, J.    This is an action brought by the plaintiff as receiver of the Farmers & Merchants State Bank of Denhoff, an insolvent banking corporation, against the defendant as a stockholder in said bank, to enforce the liability created by § 5168, Compiled Laws 1913, which provides that the shareholders of every banking association organized under the laws of this state "shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association made or entered into to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due on such shares.    Such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."    The action was tried to the court without a jury and resulted in a judgment in favor of the plaintiff. Defendant appeals from the judgment.

The material facts are not in controversy, and may be summarized as follows:  The defendant Johnson was the owner of ten shares of the capital stock of the Farmers & Merchants State Bank of Denhoff.  On January 22d, 1913, he made a deal with one Hosick whereby the stock was assigned to Hosick, and it was on the same day transferred to Hosick on the books of the bank.  It is conceded that Hosick at the time of the transfer was, and ever since has been, insolvent.  On April 28th, 1913, the state examiner declared the bank to be insolvent and closed it and took charge of its assets.  An action was subsequently commenced by the attorney general under the provisions of article 3, of chapter 27 of Code of Civil Procedure, to dissolve the corporation, sequestrate its property, and distribute its assets among those lawfully entitled thereto.    The plaintiff was duly appointed receiver in such action, and thereafter duly qualified and entered upon the discharge of his duties as such receiver.    The receiver caused notice to the creditors of the said insolvent bank to be duly published, notifying all of the creditors to present their claims against the corporation for allowance by the court, and thereafter, in June, 1916, plaintiff presented a veri-

fied application to the district court, showing the assets and the claims filed and approved against the bank, and averring that there would be a deficiency requiring the enforcement of the full amount of the additional stockholders' liability, provided by § 5168, Compiled Laws 1913. The court entered an order assessing each and every stockholder of the bank, shown by the records and books of the bank to be such stockholders on April 29th 1913, 100 per cent of the amount of stock held by such stockholders.

As already stated, it is conceded that Hosick, the transferee of the defendant's stock, is insolvent. It is also conceded that he has removed and is a resident of Canada, and that any assessment made on the Hosick stock would eventually have to be paid by the defendant, Johnson. It also appears that both Hosick and Johnson were notified of the assessment and demand made for the payment of the amount thereof.

The action was commenced in October, 1915. But the case was tried upon the issues framed by an amended complaint served in August, 1916, and an answer thereto served in September, 1916. On this appeal defendant contends that the judgment is erroneous and should be reversed for the reasons: (1) That the receiver of an insolvent bank has no interest in or right to enforce the statutory liability imposed upon stockholders by § 5168, Compiled Laws 1913, but that such liability is enforceable only in an action brought by a creditor or creditors; and (2) that the assessment made by the court in the case at bar is void for want of notice to the defendant. We will consider these propositions in the order stated.

1. Whether the receiver of an insolvent corporation may, in the absence of express statutory authority, enforce a statutory added liability of holders of corporate stock, is a question upon which the authorities have differed. The question is an interesting one, but in our opinion it is not involved in this case. For in this state the legislature has expressly provided that the receiver of an insolvent bank shall "enforce the individual liability of stockholders." Laws 1915, chap. 63. It is true this statute was enacted after the plaintiff had been appointed receiver, but it was in full force and effect at the time the instant case was commenced and the assessment laid against the defendant. The statute did not affect any right, but related merely to a remedy. The

liability of stockholders fixed by § 5168, Compiled Laws 1913, has not been changed in the least. Neither has the right oi any creditor to receive the benefits provided by such statute been affected.

It will be noted that § 5168, Compiled Laws 1913, says nothing as to the means to be utilized in enforcing the liability provided therein. The section merely prescribes the right; it makes no reference to the remedy.

While this court has never passed upon the question, it appears to have been the practice of the banking department and of the district courts in this state to permit the receiver to enforce the superadded liability and distribute the moneys received through the receivership proceedings. And so far as we can ascertain the provision contained in chapter 53, Laws of 1915, constituted rather a legislative recognition of an existing method of enforcement than the creation of a new method of enforcement. But even though the enforcement by the receiver be deemed the addition of a new, cumulative remedy for the enforcement of the statutory liability, it might, and in our opinion would, still apply to the instant case. For it is well settled that the legislature may, within certain limits, alter, modify, or extend remedies, or add a new remedy for the enforcement of an existing right. See 12 C. J. 1088; Cooley, Const. Lim. 5th ed. pp. 348–357, 443; 6 R. C. L. p. 363; Orvik v. Casselman, 15 N. D. 34, 105 N. W. 1105; Scott v. District Ct. 15 N. D. 259, 107 N. W. 61; Terry v. Anderson, 95 U. S. 628, 24 L. ed. 365. The right provided by § 5168 is for the benefit of the creditors. The action brought by the receiver in this case is brought for the benefit of the creditors. And it appears that all creditors have appeared and filed claims with the receiver, and no creditor has objected to the receiver enforcing the statutory liability of the stockholders. The enforcement of the added liability by the receiver is manifestly the most desirable method and the one most in harmony with the scheme and spirit of our laws. It will better tend to protect and secure the rights of the different creditors of an insolvent bank than to require a creditor or creditors to enforce the added statutory liability against the different stockholders. All approved creditors of equal rank are placed upon an equal basis and will *ipso facto* receive the same proportionate shares. All questions of priority among creditors, predicated

upon the time in which suit is brought, are eliminated. Needless litigation and expense is avoided. The entire affairs of the corporation, including the adjustment of the liability of its stockholders, are subject to the control of and disposition by the court in a single action, and unnecessary delay and expense avoided.

2. There is no contention that the defendant, Johnson, was not a stockholder in the insolvent bank at the time the indebtedness due by the bank to the different creditors was incurred. Nor is there any contention that any of the claims allowed are fraudulent or that they do not constitute legal claims against the bank. It is true all the assets have not been applied in payment of the claims of the different creditors, although the greater portion has been so applied. From the very nature of the proceeding it is necessary for the court, in an action to dissolve an insolvent corporation and sequestrate its property and distribute its assets among the persons lawfully entitled thereto, to determine the liabilities and assets of the corporation. The primary purpose of the appointment of a receiver in such action is to enable the court to take possession of and distribute the property of the corporation among its lawful creditors. To carry out this purpose it must necessarily determine the validity and amount of the claims of the respective creditors; and, when it applies the assets under its control to the satisfaction of such claims, the amount of the deficiency is *ipso facto* determined. It does not necessarily follow, however, that an action may not be maintained to enforce the added statutory liability before all of the assets have actually been applied to the satisfaction of the claims of the creditors. "The exigencies of the matter before the court when administering upon an insolvent estate require it to exercise a wide discretion. Justice to the creditors demands that they should have the secondary as well as the primary assets made available for the satisfaction of their claims, and justice to the stockholders demands that the primary assets should not be sacrificed by their too hasty conversion into money. The court is thus confronted with two distinct, conflicting interests, each of which it is its duty to protect so far as lies within its power. It should not delay the settlement to such an extent as to render the secondary liability of no avail to the creditors, nor should it act with such haste as to unnecessarily in-

crease the burden of the stockholders; and if, in its attempt to harmonize these conflicting duties, it finds the amount of the difference between the liabilities and the assets by determining the amount of the one and the value of the other, rather than by the process of conversion and application, its order in that respect will not be held void in a collateral proceeding on the mere suggestion of irregularity, even if it would be so held on a direct appeal from the order." Shuey v. Adair, 24 Wash. 378, 64 Pac. 538.

It should be noted, however, that the statute under consideration does not require an assessment as a condition precedent to the maintenance of an action to enforce the added statutory liability. See Bennett v. Thorne, 36 Wash. 253, 68 L.R.A. 113, 78 Pac. 942. And it has been said that in such action "the plaintiff must make proof of the value of the assets and of the extent of the liability of the corporation." Van Tuyl v. Schwab, 172 App. Div. 670, 158 N. Y. Supp. 426.

The instant case was tried on that theory. There was no contention that the order levying the assessment was conclusive. But the questions upon which the defendant's liability depended were presented by the pleadings and determined by the court without regard to such order. Evidence was offered upon the question of the assets and liabilities and the extent to which the stockholders' liability ought to be enforced. And the defendant was afforded every opportunity to show that the added statutory liability ought not to be enforced against him either in whole or in part. The evidence and the findings clearly justified the judgment ordered in the case. The judgment appealed from must be affirmed. It is so ordered.

Grace, J. I concur in result.

Robinson, J. (dissenting). This is an action under § 5168, Compiled Laws. It is in effect that the shareholders of a banking corporation shall be individually responsible, equally and ratably, and not one for another, for debts of the bank to the extent of the amount of his stock therein at par value, and *such individual liability shall continue for one year after any transfer of the* stock. The stock in question was duly transferred, and the transfer duly entered on the books of the bank

on January 22, 1913, and this action was commenced on the 11th day of October, 1915,—two years and nine months after the transfer of the stock. Now as more than one year had elapsed when the action was commenced, the liability had ceased to exist.

But if the defendant were liable under a proceeding and evidence, it is absolutely certain that his liability does not appear from any facts stated in the complaint, the findings of fact, or the evidence. There are no facts stated showing any debt or liability against the bank. True, it is stated that in a proceeding to which Johnson was not a party, in a suit by the attorney general against the bank, commenced April 28, 1913, the plaintiff was appointed a receiver of the bank; that he caused notice to be given to the creditors of the bank to present their claims for allowance by the court; that the court made an order allowing claims to the sum of $12,546.65 and also $295.46. And the court directed the receiver to pay a dividend of 50 per cent on the fact of the claims allowed, and made an order allowing the receiver $4,000 and the attorney $1,500. Thus, the court virtually turned over to the receiver and his attorney the total assets of the bank. Then, on June 13, 1916, on application of the receiver, the court made an order levying an assessment of 100 per cent on the par value of the stock, and defendant has refused to pay the same. Wherefore the complaint demands judgment against the defendant for the par value of his stock, $1,000, with interest at 6 per cent from June 13, 1916, the date of the assessment, less a small dividend allowed him. And such is the judgment.

On the trial of the action the plaintiff put in evidence the application for an assessment and the allowance of fees to the receiver and attorney and claims against the bank. To this counsel for defendant objected because defendant was no party to the receivership proceeding and was in no way bound by it. No other evidence was offered, only copy of a letter from the plaintiff's attorney to Johnson, and another letter to Hosick from the attorney. The letters are quite immaterial. The complaint in this action, the evidence, the findings of the court, and the judgment, are all based upon a false assumption that defendant is bound by the suit to which he was not a party,—the suit by the attorney general against the bank. In an action against the bank on any claim for which a stockholder is liable, he may be made a party,

and then he is bound by the proceedings. Comp. Laws, §§ 7995–8000. If a stockholder is not made a party, of course he is a stranger to the proceeding and he is not bound by it. It were very strange indeed if the court might go on and bind a person not a party to an action by the allowance of $5,500 for receivership and attorney fees.

In judicial proceedings the law of the land requires a hearing before condemnation. "That a man is entitled to some notice before he can be deprived of his property is an axiom of law to which no citation of authorities would give additional weight." Roller v. Holly, 176 U. S. 398–409, 44 L. ed. 520–524, 20 Sup. Ct. Rep. 410; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565.

The statute, § 5168, merely declares that each stockholder of a bank shall be liable equally and ratably for the debts of his bank to the par value of his stock and *that such liability shall continue for one year after the transfer of the stock.* Hence, an action to recover such liability must be commenced during its continuance and not after the lapse of one year. This action was not commenced until after the lapse of two years and nine months and the liability had then ceased to exist. Hence, the action should be dismissed.