Note.—Reported in 207 N. W. 654. See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 12, 27 Cyc. 1040, 1139; (2) Mortgages, Key-No. 12, 27 Cyc. 1040, Descent and Distribution, 18 C. J. Sec. 111; (3) Assignments, Key-No. 8, 5 C. J. Sec. 24; (4) Descent and distribution, Key-No. 68, Heirs, 29 C. J. Sec. 6; (5) Covenants, Key-No. 34, 15 C. J. Sec. 28; (6) Estoppel, Key-No. 37(2), 21 C. J. Sec. 43.

On validity of sale or assignment of expectancy by prospective heir, see notes in, 32 L. R. A. 595, 33 L. R. A. 266, 25 L. R. A. (N. S.) 436.

---

SMITH, Superintendent of Banks, et al, Respondents, v. GOLDSMITH, Appellant.

(207 N. W. 978.)

(File No. 6080.   Opinion filed March 12, 1926.)

**Appeal and Error—Stockholders Liability—Superintendent of Banks —Parties—That Insolvent Bank and Superintendent of Banks May Have Been Improperly Joined in Action to Enforce Stockholder's Liability Held Not Prejudicial (Const. art. 18, Sec. 3; Rev. Code 1919, Sec. 8937).**

That insolvent bank and superintendent of banks may have been improperly joined in action to enforce stockholder's liability under Const. art. 18, Sec. 3, and Rev. Code 1919, Sec. 8937, held not prejudicial to defendant, where judgment was rendered in favor of superintendent of banks only, in whose favor complaint sufficiently stated cause of action.

Appeal from Circuit Court, McCook County; Hon. L. L. FLEEGER, Judge.

Action by Fred R. Smith, as State Superintendent of Banks, and the Commercial State Bank of Salem, against Charles D. Goldsmith. From a judgment in favor of Superintendent of Banks and an order denying a new trial, defendant appeals. Affirmed.

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, and *C. H. McCay,* of Salem, for Respondents.

(1)   To point one of the opinion, Appellant cited:   Mercan-
tile Trust Company v. Miller (Cal.), 137 Pac. 913; Merchants
State Bank v. Farmers Home Bank, 199 N. W. 575.

Respondent cited:   Mader v. Plano Mfg. Co., 17 S. D. 556;
Olson v. Shirley, 12 N. D. 106, 96 N. W. 297.

CAMPBELL, J.   The Commercial State Bank of Salem,
S. D., having gone into the hands of the superintendent of banks
of this state in April, 1924, for liquidation, and being then hope-
lessly insolvent, this action was thereafter instituted by said bank
and by the superintendent of banks to enforce defendant's liability
as a stockholder under article 18, § 3, Constitution of South Da-
kota, and section 8937, Code 1919.   Findings ,conclusions and
judgment were in favor of plaintiff superintendent of banks, and
against the defendant, from which judgment and order denying
new trial defendant appeals.

Appellant seeks to predicate error upon a misjoinder of par-
ties plaintiff, claiming that the complaint was insufficient to state
a cause of action in that it failed to show a joint cause
of action in favor of both plaintiffs.   The complaint suf-
ficiently stated a cause of action in favor of the plaintiff superin-
tendent of banks, and judgment was entered in his favor only,
and therefore appellant has been in no wise prejudiced by any
misjoinder of parties plaintiff, if there was such misjoinder.

Other questions involved on this appeal are identical with
those in Smith v. Lucille Goldsmith, 49 S. D. —, 207, N. W. 977,
this day decided, and are ruled against appellant by that decision.

The judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.—Reported in 207 N. W. 978.   See, Headnote, American
Key-Numbered Digest, Appeal and error, Key-No. 1036(2), 4 C. J.
Sec. 2898.