L. R. BAIRD, as Receiver of Citizens State Bank of Edgeley, North Dakota, Respondent, v. W. H. MURFIN, et al. W. H. MURFIN, Appellant.

(229 N. W. 370.)

Opinion filed February 18, 1930.

*Lawrence, Murphy & Nilles,* for appellant.

*Conmy, Young & Burnett,* for respondent.

BIRDZELL, J. This is an action to recover upon an assessment of stockholders' liability imposed by law upon shareholders in banking corporations. Comp. Laws 1913, § 5168; Davis v. Johnson, 41 N. D. 85, 170 N. W. 520. The case was tried in the court below on stipulated facts and a judgment was rendered against the defendant and appellant Murfin. He appeals from the judgment urging two main grounds for reversal: first, that the action had abated before the judgment was rendered by reason of the expiration of the law under which the receiver who brought the action was appointed; and, second, that the action having abated, there could be no recovery, under the pleadings, upon a new and distinct cause of action, such cause, if any, being barred by the statute of limitations.

The pivotal facts contained in the stipulation are: that the defendant and appellant Murfin was the owner of ten shares of stock in the Citizens State Bank of Edgeley, North Dakota, at the time the bank was closed and placed in the hands of a receiver by the state bank examiner in December, 1920; that such receivership continued until proceedings were had under chapter 137 of the Laws of 1923, as a result of which the administration of the affairs of this bank was placed in charge of the plaintiff herein in October, 1923; that in the process of administration the enforcement of the shareholders' liability became necessary and that in December, 1923, an assessment was levied by the judge of the district court to whom jurisdiction of the receivership of the bank had been committed pursuant to law; that an order was entered directing the bringing of this action; that the action was pending on July 1, 1926, the date when chapter 137 of the Laws of 1923 expired by the express limitation contained therein; that no further appointment of a receiver or of a judge to exercise jurisdiction of receivership proceedings was made between July 1, 1926 and March

7, 1927, the latter date being the date when chapter 99 of the Laws of 1927, with reference to receiverships of state banking corporations, took effect.

A careful examination of the record in this case leads us to conclude that no doubtful question is presented for decision. The basic premise upon which counsel for the appellant stand is that the action abated by reason of the expiration of chapter 137 of the Session Laws of 1923 according to the limitation prescribed in the act, the limitation being "This act shall expire and become inoperative for any purpose on the first day of July, 1926." Section 5191b19 of the 1925 Supplement to the Compiled Laws of 1913. Before the expiration of the 1923 law could be held to have this effect, it must appear that the continued existence of such law was indispensable to the exercise of the authority in question by the receiver and by the court under whose direction the receiver was acting. That act merely provided a procedure for centralizing the administration of insolvent banks by placing it either under the direction of a supreme court commissioner or of a district court judge designated by the supreme court. This court did not appoint a commissioner, but designated a district judge. Jurisdiction, therefore, to determine insolvency was placed in the district court of Burleigh county and the subsequent proceedings in the event thereof were under the direction of the judge designated and the receiver appointed by him. The act did not purport to modify in any way the substantive law governing the liability of stockholders in banks, nor did it modify the procedure for realizing upon that liability in the interest of creditors further than to provide for a centralized receivership. It did not even purport to change the venue of an action to recover upon a stockholder's liability. The act did not operate as a limitation upon the authority of a receiver once appointed under it or upon the power of a court of equity to continue to exercise a jurisdiction once vested until equity should be done. The expiration of this law did not have the effect of undoing that which had been done or of divesting a jurisdiction once vested—much less did it wipe out a liability created by a wholly independent statute. The liability of the defendant was never suspended. Neither the expired act nor the new act (chapter 99 of the Laws of 1927) was essential to a recovery for the benefit of the creditors. Davis v. Johnson, 41 N. D. 85, 170 N.

W. 520, supra. There was no abatement and revival and no such essential reliance upon the Law of 1927 as would entitle the defendant to rely upon the statute of limitations. This action might well have proceeded to the same conclusion though chapter 99 of the Laws of 1927 had never been enacted.

The judgment was properly entered against the appellant and it is affirmed.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.