BAIRD, Respondent, v. MALL, Appellant.

BAIRD, Respondent, v. ELWELL, Appellant.

BAIRD, Respondent, v. BARNES, Appellant

(232 N. W. 47.)

(File Nos. 6575, 6576, 6577. Opinion filed September 2, 1930.)

310

*Max Royhl,* of Huron, *McCoy & McCoy,* of Longview, Wash., and *Gardner & Churchill,* of Huron, for Appellants.

*Crawford & Crawford,* of Huron, for Respondent.

SHERWOOD, J. This appeal includes three separate actions, each brought by the receiver appointed by a North Dakota court for an insolvent North Dakota state bank. The actions were brought in the circuit court of Beadle county, S. D., against the three South Dakota stockholders of said bank, to recover from each his double liability as a stockholder. The complaints are identical except as to names and amounts. By stipulation the three actions were tried together in the circuit court. At the close of the trial a verdict was directed against each of the defendants separately. From a judgment entered on these verdicts defendants have each appealed. The assignments of error, and issues of law, are identical in each case. By stipulation the three cases are presented in one brief and argument in this court.

The record shows that Driscoll State Bank was organized under the laws of North Dakota and located at Driscoll in said state. It became insolvent in November, 1923. Upon the report of the public examiner of said state, an action was brought in the Supreme Court of North Dakota against said bank in strict compliance with the provisions of chapter 137, Laws of North Dakota, for the year 1923. Summons was served on the bank and such proceedings had that one L. R. Baird (plaintiff in the present action) was appointed receiver of said bank and thereupon duly qualified. Upon a hearing duly had in said action upon the re-

ceiver's report, the court found from the evidence that Driscoll State Bank was insolvent. It further found that the liabilities of said bank greatly exceeded its assets plus the entire double liability of its stockholders. Thereafter the court levied an assessment of 100 per cent on each stockholder in said bank, and thereupon made an order in said action finding and reciting all said facts among other things; and further ordering and directing "that if said assessments were not paid as demanded by said receiver, he is hereby directed to bring action in his own name as receiver against the respective stockholders for the collection of said added statutory liability. This order shall authorize the said receiver to bring or continue actions already brought in other states as may be authorized or permitted by the courts of said states so far as the courts may authorize the same."

This order was made December 3, 1923, and is still in force. It further showed that defendants owned all the stock of Driscoll State Bank in the following portions: Alice Barnes, as administratrix of the estate of W. H. Barnes, 110 shares; W. L. Mall, 20 shares; J. H. Elwell, 20 shares. Total shares 150. Value $100 each. ·

All said stockholders resided in Huron, Beadle county, S. D., at the time they bought the stock in Driscoll State Bank and have resided there ever since. Neither defendant ever resided in North Dakota; and neither was served with summons in the action brought against the bank in North Dakota, which resulted in its being declared insolvent.

The receiver notified these stockholders of such assessment and demanded payment thereof. Upon their refusal to pay, he brought said actions in Beadle county, S. D., and from judgments in favor of plaintiff the several defendants appeal.

*It is evident* that respondent's right to bring the actions rests primarily on the statutes of North Dakota, and the decisions of its Supreme Court. The following statutes of that state were pleaded either in full or in substance in the complaint, namely: Section 5168 of the Comp. Laws of North Dakota, enacted in the year 1913; section 1 of chapter 53 of the Session Laws of North Dakota for the year 1915; chapter 137 of the Laws of North Dakota enacted in the year 1923; section 4 of chapter 179 of the Session Laws of North Dakota for the year 1923.

The following order and decision of the North Dakota Supreme Court is also pleaded in substance, namely, an order dated December 3, 1923, supra, made by the Supreme Court of North Dakota, in an action brought by the Attorney General of said state in the name of the state of North Dakota, against Driscoll State Bank; also a decision of the Supreme Court of North Dakota in which F. M. Davis, as receiver of the Farmers' & Merchants' State Bank of Danhoff, is respondent, versus Johnson, appellant, which opinion was filed by the Supreme Court of North Dakota on the 30th day of December, 1918, and reported in volume 41 of North Dakota Supreme Court Reports at page 85, 170 N. W. 520. The complaint is long, and as the only material question presented is plaintiff's right to bring and maintain the action on practically undisputed facts, it will only be necessary to refer to and discuss those parts of the complaint and the evidence bearing upon that question.

The statutes above referred to were each admitted in evidence over appellant's objections made upon all the grounds stated in his objections a to e, inclusive, hereinafter set out in this opinion; but as respondent's right to sue depended upon the statutes and decisions of the Supreme Court of North Dakota and the statutes and decisions offered in evidence were pertinent to the issue, the objections were properly overruled.

The evidence will be discussed in connection with the contentions of the parties hereinafter stated.

Appellants have assigned numerous errors; but they are all discussed together in the brief, and are all based on two propositions:

1. That the complaint fails to state a cause of action on any theory.

2. That the evidence is wholly insufficient to sustain either verdict.

Based on these two general propositions, appellants specifically contend that:

a. No authority is expressly given either by the Constitution or statutes of North Dakota to the receiver of an insolvent state bank to maintain a suit against stockholders on their double liability, either within, or outside, the territorial limits of North Dakota.

b. Unless the statutes, or Constitution, of North Dakota expressly authorize a receiver to bring such actions, the courts of North Dakota are powerless to give him such authority; and the question whether such power is given must be determined solely by the laws of North Dakota.

c. Plaintiff is not a judicial receiver, but only a personal representative of the state banking department of North Dakota.

d. If plaintiff is a receiver, he is merely an equitable receiver, possessed of no title to the property or assets of the corporation; and hence has no right to bring suits, either within or without the state of North Dakota to recover on a stockholder's double liability.

e. No authority has been given by any court in this state to bring either of these actions.

It is respondent's contention:

1. That section 5168, supra, established the stockholder's double liability in North Dakota. That such liability was primary and an action could be brought thereon by any creditor of the bank against any stockholder either within or outside the state of North Dakota.

2. That chapter 53, Laws 1915, supra, expressly authorized the receiver of said bank to bring such suits.

3. That the added liability of such stockholders was contractual in its nature, transitory in its character; and the weight of modern authority established the right of either a creditor or the receiver of such corporation to sue stockholders either within or without the state of North Dakota to recover such liability.

In support of respondent's contention No. 1, he introduced in evidence section 5168, supra, which was a part of the "General State Banking Act" of North Dakota, and reads as follows:

"Responsibility of shareholders. The shareholders of every association organized under this chapter shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association made or entered into to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due on such shares. Such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

This section is substantially identical with article 18, § 3, of our Constitution.

■ It is settled law in both North and South Dakota that such provisions, either constitutional or statutory, established the double liability of bank stockholders; and that such liability is a primary liabilty on whch any creditor may bring an action. Smith v. Olson, 50 S. D. 81, 208 N. W. 585; Hancock v. Frederick Co-op. Merc. Co., 48 S. D. 1, 201 N. W. 714; Corrington v. Crosby, 54 N. D. 614, 210 N. W. 342, 48 A. L. R. 660; Davis v. Johnson, 41 N. D. 85, 170 N. W. 520, 521.

To establish the right of the receiver to bring the action, respondent offered in evidence chapter 53 of the Session Laws of North Dakota for 1915, supra. This law provides in substance that the receiver of an insolvent bank shall take possession of its books, records, and other property, collect the debts, sell or compromise bad or doubtful debts, and, "sell all corporate property * * * and when necessary pay corporate debts and enforce the individual liability of stockholders" of said bank. And for the same purpose introduced in evidence that part of the opinion of the Supreme Court of North Dakota, in Davis v. Johnson, supra, which reads: "Whether the receiver of an insolvent corporation may, in the absence of express statutory authority, enforce a statutory added liability of holders of corporate stock is a question upon which the authorities have differed. The question is an interesting one, but in our opinion it is not involved in this case. For in this state the Legislature has expressly provided that the receiver of an insolvent bank shall 'enforce the individual liability of stockholders.' Chapter 53, Laws of 1915."

It is manifest from the provisions of chapter 53, above cited, and the interpretation given to it in Davis v. Johnson, supra, that the statutes of North Dakota expressly provided that the receiver "shall * * * enforce the individual liability of stockholders."

In answer to this, appellants say in their reply brief:

"The appellants in this case do not contend but what contracts made in North Dakota,—but what the judgments of the North Dakota courts,—but what the laws of North Dakota might be enforced in the state of South Dakota under comity where the facts justified such action, in a case where there was a contract, judgment or law that might be the subject of proper application of the rules

of comity. The contention of appellant is that there is no contract,—that there is no judgment,—that there is no law in North Dakota authorizing a suit in another state to enforce the collection of non-resident stockholders' added statutory liability, * * * that as a basis for the operation of the rule of comity there must be a law in the domiciliary state authorizing a suit in a foreign state against the non-resident stockholders, or there must be a law in the domiciliary state making the receiver appointed by the home court a quasi assignee. * * * If there is such a law in the home state authorizing the receiver to institute and maintain suits in the outside state, then, under the rule of comity, the obligation may be enforced in an outside state."

Appellant argues further that chapter 137 of the Laws of 1923, supra, is later in time than the statute above quoted, and provides a special and exclusive remedy to be pursued only in the North Dakota Supreme Court, in which the Attorney General must bring the action in the name of the state of North Dakota against the stockholders and thereby repealed chapter 53, supra, by implication. That the language of chapter 137 and its preamble are clearly sufficient to exclude all other suits in all other courts by all other persons to recover such added liability.

Just what language in chapter 137 and its preamble excludes the receiver and all other persons except the Attorney General of North Dakota from bringing an action against stockholders on their double liability is not pointed out by appellant; and we are unable to find any.

It is true that chapter 137 is later in time than chapter 53, but chapter 137 contains no provision for or reference to suits against stockholders upon their double liability; either in the preamble or body of the act. Appellant has pointed out no provision in chapter 137 which is repugnant to the provisions of chapter 53, and we have discovered none.

██ The repeal of a statute by implication is not favored, and unless there is an unavoidable repugnancy between the later law and the former one, no repeal by implication is effected. Sargent County v. Sweetman, 29 N. D. 256, 150 N. W. 876.

Chapter 137 was a general law of North Dakota affecting all insolvent banks then in the state. 36 Cyc. p. 985. It affected "the administration of insolvent banks" and provided for their "liquida-

tion." Preamble to chapter 137, Laws of N. D. 1923. It made no provision for the service of summons or other notice upon any stockholder. The bank proceeded against was the only defendant in that case and the only one served with summons in that action.

The stockholder's added liability was not an asset of the corporation, as a going concern, but a liability created solely for the benefit of its creditors. It is not as a general rule enforceable by the receiver unless he was especially authorized by statute to enforce the same. Corrington v. Crosby, supra, and see cases cited on page 345 of 210 N. W., of that opinion.

Chapter 137 specifically provided that the action there provided for was "against all of said insolvent banks as defendants, for the purpose of declaring them insolvent and winding up their affairs as insolvent banking associations." Section 3, c. 137, supra.

The act created no new liability and provided no remedy against the stockholders upon their double liability. The statute further expressly provided that the receiver or reecivers appointed under the act should "have all the powers and authorities ordinarily possessed and exercised by receivers of insolvent corporations or prescribed by statute." Section 8, c. 137, supra. Thus referring to the statutes then in force or which should be thereafter enacted by which the power and authority of the receiver was given and was to be determined.

It seems clear from these provisions of the statute that chapter 137 provided no remedy, exclusive or otherwise, against stockholders. It is also clear that chapter 53, supra, expressly authorizes the receiver to bring such actions and that said chapter has not been repealed or modified.

It is suggested in one of the briefs that chapter 53, supra, did not give the receiver express authority to sue because it did not say he might bring such actions against the stockholder either within or without the state of North Dakota. We know of no rule requiring such authority to be in any particular form. We think the language used in that chapter gave the receiver express authority to sue stockholders either within or without the state of North Dakota, and that it was so interpreted by the court of North Dakota in Davis v. Johnson, supra. See Cole v. Sessen-

berry, 56 S. D. 595, 230 N. W. 22; Baird v. Hebal, 56 S. D. 455, 229 N. W. 308.

Said chapter 53 also provided in substance that the receiver of an insolvent bank shall take possession of its books, records, and other property, collect the debts, sell or compromise bad or doubtful debts, and shall sell all the corporate property, pay corporate debts, and enforce the individual liability of stockholders.

Such a receiver is much more than a personal representative of the state banking department—or a mere equitable receiver.

■ The appointment of such a receiver had the effect of transferring the title and right of possession of all the property of the bank to him. Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; section 7591, Comp. Laws N. D. 1913; Attorney General v. Ins. Co., 100 N. Y. 279, 3 N. E. 193; Morgan v. New York & Albany R. Co., 10 Paige (N. Y.) 290, 40 Am. Dec. 244; Hanson v. State Bank of Vienna, 50 S. D. 16, 208 N. W. 227; Sections 8925, 8927, 8928, 8976, Rev. Code 1919; Mercantile State Bank v. Farmers Home Bank, 160 Minn. 229, 199 N. W. 575; Hirning v. Hamlin, 200 Iowa, 1322, 206 N. W. 617.

■ Section 5168 of the Comp. Laws of North Dakota 1913 and chapter 53 of the Laws of North Dakota for the year 1915 were both in force at the time these stockholders bought their stock in Driscoll State Bank. The act of taking such stock impliedly assented to these laws and the terms and conditions of such laws thereby became obligatory upon the stockholders, contractual in their nature and enforceable as such in the courts of other states. Hirning, Supt. of Banks, v. Hamlin, 200 Iowa, 1322, 206 N. W. 617; Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163; Lowry v. Inman, 46 N. Y. 119; Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725; Fish v. Smith, 73 Conn. 377, 47 A. 711, 84 Am. St. Rep. 161; Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Hancock v. Frederick Co-op. Mercantile Co., supra.

■ Section 5168, supra, established the liability of these stockholders and chapter 53, Laws of North Dakota for the year 1915, determined the right of the receiver to sue stockholders for their added liability. The proceedings to enforce the liability of stockholders in South Dakota are governed by the laws of this state.

It appears from this record that Driscoll State Bank was closed by the public examiner of North Dakota in November, 1922, and remained closed until about April 15, 1923, when the public examiner of North Dakota permitted these stockholders to reopen the bank by paying a 100 per cent assessment. They paid that assessment for the purpose of reopening the bank. The bank was reopened and transacted business as a bank until the 8th day of November, 1923, when it was again closed. It is suggested that such payment should be a defense to this action. This question was recently decided in the negative by this court in Smith, Supt. of Banks, v. Goldsmith, 49 S. D. 580, 207 N. W. 978.

Under the view we take of this case, we find the receiver had express authority under the statutes of North Dakota to bring suit either within or without the state of North Dakota against stockholders on their double liability.

We also hold that the receiver by his appointment became invested with the title to all the property of the bank and was therefore a trustee for all the creditors; and for that reason was entitled to bring the actions against the stockholders in this state.

We also hold that the liability of the stockholders was contractual in its nature, transitory in its character, and that section 5168, supra, established the double liability of the stockholders of Driscoll State Bank to its creditors. The complaint was sufficient and the judgment of the lower court should be affirmed.

We have carefully examined the many authorities cited by appellant and find they are not applicable to the facts of this case.

Finding no error in the record, the judgment of the lower court is affirmed.

BROWN, P. J., and POLLEY, J., concur.

CAMPBELL and BURCH, JJ., concur in result.