BAIRD, Respondent, v. BARNES, et al, Appellants.

(235 N. W. 122.)

(File No. 6575. Opinion filed February 27, 1931.)

For former opinion, see 232 N. W. 47.

*Max Royhl*, of Huron, and *McCoy & McCoy*, of Longview, Wash., for Appellant.

*Crawford & Crawford*, of Huron, for Respondent.

BURCH, J. Three cases in this court, No. 6576, Baird v. Mall, No. 6577, Baird v. Elwell, and No. 6575, Baird v. Barnes et al., were disposed of in one opinion which is reported in 232 N. W. 47. Rehearing was denied in Nos. 6576 and 6577 and allowed in 6575, Baird v. Barnes, et al. No change in the original opinion is involved in this rehearing, and the law as announced therein will be followed and applied in this case as in the other cases. The

question now involved concerns the liability of the Barnes estate upon 75 shares of stock which it is claimed were held as security only and did not belong to the estate. There is no contention that the stockholder's double liability attaches to and renders a holder of bank stock held solely as collateral to secure a debt and with no claim to title thereto, liable to pay the par value of the stock imposed upon an owner. This rehearing is therefore confined to a re-examination of the record to determine if the 75 shares of stock in the hands of the administratrix of the Barnes estate were owned by the estate, or merely held as collateral security for the payment of a debt due the estate.

The stock involved is stock of the Driscoll State Bank of Driscoll, N. D. The 75 shares were first issued in two certificates. Certificate No. 38 for 35 shares was issued to Augusta Billington, and certificate No. 39 for 40 shares was issued to O. R. Billington. These certificates were assigned as collateral to secure a contingent liability of the estate upon O. R. Billington's note. Barnes in his life time was the owner of certificate No. 36 for 35 shares, so that upon the death of Barnes his estate owned 35 shares of the Driscoll State Bank for which the estate is admittedly liable. The judgment of the trial court held the Barnes estate not only for $3,500, the par value of the shares issued to Barnes, but for $7,500 more, the par value of the assigned shares issued to the Billingtons. It is the contention of appellants that the Billington shares never became the property of the estate and that the judgment should therefore be reduced to $3,500. Respondent contends that by reason of transactions subsequent to the assignment of the Billington shares as collateral, the estate did become the owner and is liable as adjudged by the trial court.

The subsequent transactions are substantially as follows: In November, 1922, the Driscoll bank closed temporarily and reopened April 5, 1923. While the bank was closed the stock was assessed 100 per cent, which was paid. Alice Barnes, administratrix, paid this assessment on the Billington stock held as collateral, and also on the Barnes shares. She paid by two checks, one for $3,500 and the other for $7,500, both bearing date March 3, 1923. About a month later, April 5th, the bank reopened, ran until November 8, 1923, and closed permanently. When the bank reopened, the administratrix surrendered the Billington shares, and

certificate No. 42 was issued to her as administratrix for 75 shares. Thus these shares stood on the books of the bank in the name of the administratrix as belonging to the estate, and the shares were thereafter voted by the administratrix. We think the authority of the administratrix to bind the estate in reference to this stock was limited to preserving the security and that she could not without express authorization of the probate court acquire bank stock and impose upon the estate the added liability imposed by statute upon bank stock. Those who dealt with her as administratrix were bound to know the limitations upon her authority to bind the estate.

The judgment appealed from is modified and reduced in so far as it affects the Barnes estate so as to release the estate from any liability on the 75 shares originally belonging to O. R. and Augusta Billington under certificates Nos. 38 and 39, and as so modified the judgment is affirmed. No costs on the appeal in this case to be taxed, but appellant may have costs on rehearing.

POLLEY, P. J., and CAMPBELL and ROBERTS, JJ., concur.

WARREN, J., not participating.